```
 1  Robert S. Luther, Esq., State Bar No. 121242
    Law Division of NRT LLC
 2  Western Region
    12657 Alcosta Blvd., Suite 500
 3  San Ramon, California 94583
    Telephone (925) 275-3033
 4  Facsimile (925) 358-3152
    File #: 11CBAIG4.023
 5
    Attorney for Defendants NRT, LLC, COLDWELL BANKER RESIDENTIAL BROKERAGE
 6  COMPANY, VALLEY OF CALIFORNIA, INC. AND COLDWELL BANKER RESIDENTIAL
    BROKERAGE CORPORATION
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. TIDWELL;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE LLC, JP CHASE HOME FINANCE, JPMC SPECIALTY MORTGAGE LLC, FORMERLY KNOWN AS WM SPECIALTY MORTGAGE LLC, HOMESALE, INC., RUST CONSULTING, INC., PROMMIS SOLUTIONS, LLC, CAL-WESTERN RECONVEYANCE CORPORATION, NRT, LLC, COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, VALLEY OF CALIFORNIA, INC., COLDWELL BANKER RESIDENTIAL BROKERAGE CORPORATION, and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | Case No: 3:13-cv-02621-EMC<br><br>HON. EDWARD M. CHEN<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:　　September 5, 2013<br>TIME:　　1:30 p.m.<br>CRTRM:　　5<br><br>ACTION FILED:　June 7, 2013 |

TO THE CLERK OF THE ABOVE-ENITLED COURT AND TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE THAT on September 5, 2013 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom "5" of the above-entitled court, located at 450 Golden Gate

---

1  Avenue, San Francisco, California" of the above-entitled court, Defendants NRT, LLC, COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, VALLEY OF CALIFORNIA, INC. AND COLDWELL BANKER RESIDENTIAL BROKERAGE CORPORATION (collectively "Coldwell Banker Defendants"), will move this court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint of plaintiff Edward C. Tidwell ("Plaintiff") fails to state a claim upon which relief can be granted.

This motion is based on the following grounds:

1. The first claim for Violation of 12 U.S.C. §§ 1813 and 1818 et seq. fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. The second claim for Violation of 12 U.S.C. §§ 2601 & 2605 et seq. fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

3. The third claim for Violation of California Civil Code §§ 2923.5, 2923.52- 55 & 2924 fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

4. The fourth claim for Violation of California Penal Code § 115 fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

5. The fifth claim for Misrepresentation fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

6. The sixth claim for Unfair Business Practices and Violation of California Business & Professions Code §§ 17200-17210 et seq. fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

7. The seventh claim for Violation of California Corporation Code §§ 17050, 17051 and 17456 fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

8. The eighth claim for Declaratory Relief fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

9. The ninth claim for Injunctive Relief fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6);

This motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

DATED: July ⬚, 2013

Robert S. Luther
Attorney for Defendants
NRT, LLC, COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, VALLEY OF CALIFORNIA, INC. AND COLDWELL BANKER RESIDENTIAL BROKERAGE CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is plaintiff's fifth action arising out of a residential loan obtained by plaintiff in 2005. Plaintiff defaulted on the loan and eventually the property securing the loan was foreclosed upon on February 4, 2011.

The plaintiff's verified complaint purports to set forth nine causes of actions against "all defendants" including moving defendants NRT, LLC, Coldwell Banker Residential Brokerage Company, Valley of California, Inc., and Coldwell Banker Residential Brokerage Corporation (the "Coldwell Banker defendants") . Plaintiff's complaint revolves around the assertion that the February 4, 2011 foreclosure sale was illegal. The plaintiff does not and cannot assert that the Coldwell Banker defendants were involved in either the origination of the loan or the eventual foreclosure. The only allegation against the Coldwell Banker defendants relates to notices delivered to plaintiff after the foreclosure sale. The allegations are insufficient to support any claim against the Coldwell Banker defendants. Accordingly, this motion should be granted in its entirety without leave to amend.

### II. RELEVANT FACTUAL BACKGROUND

As it pertains to this motion, the relevant allegations are: In August of 2005, plaintiff obtained a loan secured by a deed of trust (Plaintiff's Complaint, ¶ 10). In October 2006,

Defendant Cal-Western Reconveyance Corporation caused a "defective" Notice of Default and Election to Sell ("NOD") to be recorded. (Complaint, ¶ 51, Exhibit I to the Complaint). The property was sold through foreclosure on February 4, 2011. (Plaintiff's Complaint, ¶¶ 110, 117.)

On February 7, 2011, Coldwell Banker agent Theresa Soares sent plaintiff a letter (Exhibit S to the Complaint.) That letter is entitled" Important Notice Regarding Occupancy of the Property." It indicates that Chase Home Finance LLC/EMC Mortgage Corporation completed a foreclosure proceeding on behalf of the owner and has retained Soares as the real estate agent. It also states that the letter does not constitute a notice to vacate and provides options that may be available to the occupant. (See Exhibit S, letter from Theresa Soares dated February 7, 2011).

On September 18, 2011, Cheryl Carter of Coldwell Banker sent a letter to plaintiff. That letter is also entitled "Important Notice Regarding Occupancy of the Property." It indicates that JP Morgan Chase Bank National Association completed a foreclosure proceeding on behalf of the owner and has retained Carter as the real estate agent. It provides the same options that may be available to the occupant as were set forth in the Soares letter. It also notes that the letter does not constitute a notice to vacate.

There are no other charging allegations against the Coldwell Banker defendants.

### III. ARGUMENT

1. <u>Plaintiff's first claim for Violation of 12 U.S.C. §§ 1813(g) and 1818(b) et seq. fails.</u>

Plaintiff's first cause of action is for Violation of 12 U.S.C. §§ 1813(g) and 1818(b) et seq. Essentially plaintiff claims that during the "illegal February 4, 2011 foreclosure sale" Chase Bank employed "unsafe or unsound banking and illegal foreclosure sale practices and was in breach of a consent order issued against the bank." There are no allegations set forth against the Coldwell Banker defendants in the first cause of action. Accordingly, plaintiff fails to state a claim.

2. <u>Plaintiff's second cause of action for Violation of 12 U.S.C. §§ 2601 and 2605 et seq. fails.</u>

Plaintiff's second cause of action is for Violation of 12 U.S.C. §§ 2601 and 2605 et seq. Again, the claim is levied against Chase Bank and relates to plaintiff's allegations relating to a

qualified written request ("QWR") allegedly delivered by plaintiff to Chase Bank. There are no allegations levied against the Coldwell Banker defendants and as such the claim fails.

3. <u>Plaintiff's third cause of action for Violation of Civil Code §§ 2923.5, 2923.52-55 & 2924 fails.</u>

Plaintiff's third cause of action is for Violation of Civil Code §§ 2923.5, 2923.52-55 & 2924. The claim is that Chase Bank, Chase Home and Cal-Western as trustee for defendant JPM violated those code procedures through the illegal foreclosure sale in that it was not "performed with strict compliance with the laws of the State of California."

Civil Code Section 2923.5 sets forth procedures that a mortgage servicer must follow prior to recording a notice of default. Sections 2923.-52-54 were repealed effective May 21, 2009. Section 2923-55 was also repealed, but a new section 29923.55 was then enacted. It contains a detailed list of what a mortgage servicer must do prior to recording a notice of default.

First, plaintiffs do not assert that Coldwell Banker acted as a "mortgage servicer." Second, the NOD was recorded on October 16, 2006. (Complaint ¶51). Coldwell Banker delivered its letters on February 7, 2011 and September 18, 2011. As such, Plaintiffs do not and cannot assert that the Coldwell Banker defendants had anything to do with the circumstances leading up to the recordation of the NOD.

4. <u>Plaintiff's fourth cause of action for Violation of Penal Code § 115 fails.</u>

Plaintiff's fourth cause of action is for Violation of Penal Code § 115. First, there is no private right of action under the statute. Thus, the claim fails as a matter of law. Second, the statute pertains to the filing, registration or recordation of forged documents. Plaintiffs assert that defendants Chase Bank, Chase Home, JPM and Cal-Western filed and recorded various "felonious documents" including the NOD, Substitution of Trustee, Assignment of Deed of Trust and Notice of Trustee's Deed on Sale. Coldwell Banker did not prepare, file, register or record any of these so-called illegal documents.

5. <u>Plaintiff's fifth cause of action for Misrepresentation fails.</u>

The elements of a misrepresentation claim are (1) a false representation of a material fact;

(2) knowledge of the falsity (scientor); (3) intent to induce another into relying on the representation; (4) reliance on the representation; and, (5) resulting damage. (*Ach v. Finkelstein* (1968) 264 Cal.App.2d 667, 674.) A misrepresentation cause of action must be specifically plead. (*Stansfield v. Starkley* (1990) 220 Cal.App.3d 59, 73.) The particularity requirement of a fraud claims requires that a pleading set forth facts that show "how, when, where, to whom, and by what means the representations were tendered." *(Id.)* Plaintiffs claim lacks the required specificity.

Further, the claim is based on the events surrounding the NOD and the eventual foreclosure sale. Coldwell Banker had no role in either the preparation of any of those documents or the foreclosure sale.

6. <u>Plaintiff's sixth cause of action for Violation of Unfair Business Practices and Violation of Business Professions Code §§ 17200 – 17210 et seq. fails.</u>

Plaintiff's sixth cause of action is for Violation of Unfair Business Practices and Violation of Business Professions Code §§ 17200 – 17210 et seq. fails. To state a claim for unlawful business practices under Section 17200, a plaintiff must allege facts demonstrating the practice violates the underlying law, or "borrowed claims." (*People v. McKale* (1979) 25 Cal. 3d 626, 635.) A plaintiff alleging unfair business practices under the statutes must state with reasonable particularity facts supporting the statutory elements of the violation. (*Khoury v. Maly's of California* (1993) 14 Cal.App.4th 612, 619.)

Here, plaintiff does not and cannot state any alleged unlawful business practice relating to the Coldwell Banker defendants. This action arises of an allegedly illegal foreclosure. There are no allegations relating to any act Coldwell Banker undertook regarding any events leading up to the sale. The letters, delivered after the sale, are not part of the foreclosure process. They are simply advisory letters delivered to the occupant post-foreclosure.

7. <u>Plaintiff's seventh cause of action for Violation of California Corporation Code §§ 17050, 17051 and 17456 fails.</u>

Plaintiff's seventh cause of action is for Violation of California Corporation Code §§ 17050, 17051 and 17456. Plaintiff claims that JPM and Chase Home are illegally transacting business in California. There are no allegations in this cause of action relating to the Coldwell

Banker defendants.

8. <u>Plaintiff's eighth and ninth causes of action for Declaratory and Injunctive Relief fail.</u>

Plaintiff's Declaratory Relief and injunctive relief claims seek relief only as against defendants JPM, Chase Bank, Chase Home and Cal-Western. There is no relief sought as against the Coldwell Banker defendants.

## V. CONCLUSION

The only act that plaintiff claims Coldwell Banker undertook was the delivery of two post-foreclosure letters indicating that the property had been foreclosed upon and providing the occupants with various options. The letters do not give rise to an actionable claim. Plaintiff has failed to state a cause of action against the Coldwell Banker defendants. This Motion should be granted without leave to amend.

DATED: July __, 2013

_____
Robert S. Luther
Attorney for Defendants
NRT, LLC, COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, VALLEY OF CALIFORNIA, INC. AND COLDWELL BANKER RESIDENTIAL BROKERAGE CORPORATION

# CERTIFICATE OF SERVICE

RE: Tidwell v. JP Morgan Chase, et al.

US District Court Northern District of California Case No.: 3:13-cv-02621-EMC

I, the undersigned, certify and declare as follows:

I am employed in the County of Contra Costa, State of California, am over the age of 18 years and not a party to the within action; my business address is 12657 Alcosta Blvd., Suite 500, San Ramon, California, 94583-5125.

On the date below I served a copy, with all exhibits, of the following document(s);

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[X] BY UPS OVERNIGHT - by depositing copies of the above documents in a box or other facility regularly maintained by UPS with delivery fees paid or provided for:

[X] ELECTRONIC MAIL (email) – to the following addresses:

[X] BY MAIL - by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at 12657 Alcosta Blvd., Suite 500, San Ramon, California as follows:

Edward C. Tidwell – Overnight only
5157 Roundup Way
Antioch, California 94531
*Plaintiff in Pro Per*

Christopher J. Donewald
Alvarado Smith
1 MacArthur Place, Suite 200
Santa Ana, California 92707
cdonewald@alvaradosmith.com
*Attorneys for Defendants JP Morgan Chase & Co JPMorgan Chase Bank, N.A., Chase Home Finance LLC, EMC Mortgage Corporation*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July17, 2013, at San Ramon, California.

Kelly Soffiotto