1  THEODORE E. BACON (CA Bar No. 115395)
   tbacon@AlvaradoSmith.com
2  DAVID J. MASUTANI (CA Bar No. 172305)
   dmasutani@alvaradosmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
5  Tel: (213) 229-2400
   Fax: (213) 229-2499
6
   Attorneys for Defendants
7  JPMorgan Chase Bank, N.A., *for itself,*
   *erroneously sued as* JP Chase Home
8  Finance, *and as Successor by Merger to*
   Chase Home Finance LLC, and JPMC
9  Specialty Mortgage LLC, formerly
   known as WM Specialty Mortgage LLC
10
                **UNITED STATES DISTRICT COURT**
11
              **NORTHERN DISTRICT OF CALIFORNIA**
12

| 13 EDWARD C. TIDWELL, | **CASE NO.:** 3:13-cv-02621-EMC |
|---|---|
| 14              Plaintiff, | **JUDGE:**   Hon. Edward M. Chen |
| 15 v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6) BY DEFENDANTS JPMORGAN CHASE BANK, N.A., *FOR ITSELF, ERRONEOUSLY SUED AS* JP CHASE HOME FINANCE, *AND AS SUCCESSOR BY MERGER TO* CHASE HOME FINANCE LLC, AND JPMC SPECIALTY MORTGAGE LLC, FORMERLY KNOWN AS WM SPECIALTY MORTGAGE LLC** |
| 16 JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE LLC, JP | |
| 17 CHASE HOME FINANCE, JPMC SPECIALTY MORTGAGE LLC, | |
| 18 FORMERLY KNOWN AS WM SPECIALTY MORTGAGE LLC, | |
| 19 HOMESALE, INC., RUST CONSULTING, INC., PROMMIS | |
| 20 SOLUTIONS, LLC, CAL-WESTERN RECONVEYANCE CORPORATION, | |
| 21 NRT, LLC, COLDWELL BANKER RESIDENTIAL BROKERAGE | |
| 22 COMPANY, VALLEY OF CALIFORNIA, INC., COLDWELL | |
| 23 BANKER RESIDENTIAL BROKERAGE CORPORATION, and | *[Filed concurrently with Notice of Motion and Motion to Dismiss, Request for Judicial Notice and Proposed Order]* |
| 24 DOES 1 through 10, inclusive, | |
| 25              Defendants. | **[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]** |
| 26 | **DATE:**   September 26, 2013<br>**TIME:**   1:30 p.m. |
| 27 | **CTRM:**   5, 17th Floor |
| 28 | **Action Filed:**   June 7, 2013 |

# **TABLE OF CONTENTS**

Page

I.    SUMMARY OF ARGUMENT .................................................................. 1

II.   SUMMARY OF RELEVANT FACTS ....................................................... 1

III.  PROCEDURAL HISTORY .................................................................... 3

IV.   STANDARD FOR A MOTION TO DISMISS ............................................ 4

V.    THE FEDERAL CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA AS TO ALL DEFENDANTS, AND THE ENTIRE COMPLAINT AGAINST DEFENDANT JPMC SPECIALTY MORTGAGE LLC IS BARRED BY RES JUDICATA .............................. 5

    1.   Plaintiff's federal claims have already been decided in favor of JPMorgan Chase Bank, N.A., and Chase Home Finance LLC in the prior federal action.................................................. 6

    2.   The entire complaint is res judicata as to JPMC Specialty Mortgage LLC based upon judgment entered in the Contra Costa Superior Court.................................................. 7

VI.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF 12 U.S.C. §§ 1813 AND 1818, ET SEQ. FAILS ............................................... 8

    A.   No private right of action under the cited statutes............................. 8

VII.  PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 12 U.S.C. §§ 2601 AND 2605, ET SEQ. (RESPA) FAILS .................................... 9

    A.   The QWR is invalid because it was submitted more than one year after the foreclosure sale.................................................. 10

    B.   Plaintiff has failed to demonstrate noncompliance with RESPA or any damages resulting from noncompliance. .................................... 10

VIII. PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 2923.5, 2923.52-55, AND 2924 FAILS.......................... 12

    A.   The Notice of Default was recorded before Civil Code §§ 2923.5 and 2923.52-55 were enacted.................................................. 12

    B.   Plaintiff has not alleged a violation of Civil Code § 2924. ................. 12

IX.   PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF CALIFORNIA PENAL CODE § 115 FAILS.................................................. 12

    A.   Chase Home Finance LLC was not required to be licensed to do business in California. .................................................. 13

    B.   Plaintiff's contentions that Tamara Price was not authorized to sign the recorded instruments is lacking in foundation and authority. ....... 14

        1.   The inclusion of "effective 10/15/2006" does not invalidate the instrument or constitute a violation of Penal Code § 115.. 15

        2.   Plaintiff's contention that Ms. Price was not authorized to sign the relevant instruments is based upon his mischaracterization of her deposition testimony in an unrelated case. .................................................. 16

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**JPMORGAN'S AND JPMC'S MEMO OF PS & AS ISO MTN. TO DISMISS COMPLAINT**

3580079.6 -- AL109.3243

3. Plaintiff's contention that the notary acknowledgment for the Substitution of Trustee and the Assignment of Deed of Trust are defective, even if true, would not invalidate the instruments. ........................................................................ 16

X. PLAINTIFF'S FIFTH CLAIM FOR MISREPRESENTATION FAILS..... 18

XI. PLAINTIFF'S SIXTH CLAIM FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200-17210, ET SEQ., FAILS................................................ 20

A. Plaintiff fails to state facts constituting unfair business practices...... 20

B. Plaintiff lacks standing due to lack of injury caused by Defendants. 21

XII. PLAINTIFF'S SEVENTH CLAIM FOR VIOLATION OF CALIFORNIA CORPORATIONS CODE §§ 17050, 17051 AND 17456 FAILS.............................................................................................. 22

XIII. PLAINTIFF'S EIGHTH CLAIM FOR DECLARATORY RELIEF FAILS.............................................................................................. 23

XIV. PLAINTIFF'S NINTH CLAIM FOR INJUNCTIVE RELIEF FAILS ....... 24

XV. CONCLUSION.............................................................................. 25

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT

3580079.6 -- AL109.3243

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Ach v. Finkelstein,*
  264 Cal.App.2d 667 (1968) ................................................................ 18

*American States Ins. Co v. Kearns,*
  15 F.3d 142, 143-144 (9th Cir. 1994) ................................................. 24

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009) ........................................................................ 4

*Beall v. Quality Loan Service Corp.,*
  2011 WL 1044148, *3-4 (S.D. Cal. March 21, 2011) ........................ 10

*Bell Atlantic Corp. v. Twombly,*
  127 S.Ct. 1955 (2007) ........................................................................ 4

*Californians For Disability Rights v. Mervyn's, LLC,*
  39 Cal.4th 223, 228 (2006) ................................................................ 21

*Camp v. Board of Supervisors,*
  123 Cal.App.3d 334, 356 (1981) ........................................................ 24

*Cortez v. Keystone Bank,*
  No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at
  *40 (E.D.Pa. May 2, 2000) ................................................................ 9

*Costantini v. Trans World Airlines,*
  681 F.2d 1199, 1201 (9th Cir. 1982) .................................................. 5

*County of Del Norte v. City of Crescent City,*
  71 Cal.App.4th 965, 973 (1999) ........................................................ 24

*Du Frene v. Kaiser Steel Corp.,*
  231 Cal.App.2d 452, 458 (1964) ........................................................ 15

*Edwards v. Marin Park, Inc.,*
  356 F.3d 1058, 1066 (9th Cir. 2004) .................................................. 19

*Emry v. Visa International Service Ass'n,,*
  95 Cal. App. 4th 952 (2002) .............................................................. 21

*Farmer v. Ocwen Loan Servicing, LLC,*
  2010 WL 489701 at *7 (E.D. Cal. February 5, 2010) ........................ 10

*Federated Dep't Stores, Inc. v. Moitie,*
  452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ............. 6

*Feminist Women's Health Ctr. v. Codispoti,*
  63 F.3d 863, 868 (9th Cir.1995) ........................................................ 6

*GlenFed Inc. Securities Litigation,*
  42 F.3d 1541, 1547 (9th Cir. 1994) .................................................... 19

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

iii

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**

*Gregory v. Widnall,*
  153 F.3d 1071, 1074 (9th Cir.1998) ............................................................. 5

*Hamilton v. Bank of Blue Valley,*
  746 F.Supp.2d 1160, 1175 (E.D. Cal. 2010) ................................................ 9

*Harris v. Jacobs,*
  621 F.2d 341, 343 (9th Cir. 1980) ............................................................... 6

*Heidt v. Minor,*
  113 Cal. 385; facts set forth at 89 Cal. 115 ................................................ 17

*In Re GlenFed Inc. Securities Litigation,*
  42 F.3d 1541, 1547 (en banc) (9th Cir. 1994) ............................................ 18

*Johndrow v. Thomas,*
  31 Cal.2d 202, 206 ...................................................................................... 17

*Khoury v. Maly's of California,*
  14 Cal.App.4th 612 (1993) .......................................................................... 21

*Kimbro v. Kimbro,*
  199 Cal. 344, 349 ........................................................................................ 17

*Kirsch v. Barnes,*
  (N.D. Cal. 1957) 153 F.Supp. 260, 263 ...................................................... 17

*Lee v. City of Los Angeles,*
  250 F.3d 668 (9th Cir. 2001) ........................................................................ 4

*Mack v. South Bay Beer Distributors, Inc.,*
  798 F.2d 1279 (9th Cir. 1986) ...................................................................... 5

*Maryland Cas. Co. v. Pacific Coal & Oil Co.,*
  312 U.S. 270 (1941) ................................................................................... 24

*Melican v. Regents of University of California,*
  151 Cal.App.4th 168 (2007) ........................................................................ 18

*Mohammed Adhavein v. Argent Mortgage Co.,*
  2009 U.S. Dist. LEXIS 61796, *14 (N.D. Cal. July 17, 2009) ................... 24

*National Parks & Conservation Assn. v. County of Riverside,*
  42 Cal.App.4th 1505, 1522 (1996) ............................................................. 15

*Neubronner v. Milken,*
  6 F.3d 666, 672 (9th Cir. 1993) ............................................................. 18, 19

*Osterberg v. Osterberg,*
  68 Cal.App.2d 254, 262, 156 P.2d 46, 50 .................................................. 17

*Owner-Operator Independent Drivers Association, Inc. v. Swift Trans. Co, Inc.,*
  367 F.3d 1108, 1111 (9th Cir. 2004) ........................................................... 25

*Parkside Realty Co. v. McDonald,*
  166 Cal. 426, 431 ........................................................................................ 17

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

iv

*People v. McKale,*
  25 Cal.3d 626 (1979) ............................................................................ 21

*Production Co. v. Village of Gambell,*
  480 US 531, 542 (1987) ........................................................................ 25

*R&B Auto Center Inc. v. Farmers Group, Inc.*
  140 Cal.App.4th 327 (2006) .................................................................. 18

*Rose v. J.P. Morgan Chase, N.A.,*
  CIV. 2:12-225 WBS, 2012 WL 892282 (E.D. Cal. Mar. 14, 2012) ...................... 24

*Western Radio Servs. Co. v. Glickman,*
  123 F.3d 1189, 1192 (9th Cir.1997) ............................................................ 5

*Wietschner v. Monterey Pasta Co.,*
  294 F. Supp. 2d 1117 (N.D. Cal. 2003) ....................................................... 5

*Williston v. City of Yuba City,*
  1 Cal.App.2d 166, 171, 36 P.2d 445 ........................................................ 17

**Statutes**

12 U.S.C. §§ 1813 and 1818 ................................................................... 8

12 U.S.C. § 2605 ................................................................................... 9

12 U.S.C. § 2605(e)(1) .......................................................................... 10

12 U.S.C. § 2605(e)(1)(A) ..................................................................... 10

12 U.S.C. § 2605(f)(1)(A) ....................................................................... 9

15 U.S.C. § 1639 .................................................................................. 6

Business & Professions Code § 17200 ................................... 4, 20, 21, 22

Business & Professions Code §17204 ..................................................... 22

Civil Code §§ 2923.5 and 2923.52-55 ............................................. 12, 21

Civil Code §§ 2923.52-54 .................................................................... 12

Civil Code § 2924 ..................................................................... 3, 12, 22

Civil Code § 3412 .................................................................................. 4

Code of FederalRegulations § 3500.21(e)(2)(ii) ....................................... 10

Corporation Code § 17001 ............................................................ 14, 23

Corporation Code § 17001(ap)(1)-(2) ...................................................... 23

Corporation Code § 17001(ap)(2)(A). .............................................. 14, 23

Corporation Code § 17001(ap)(2)(H) .............................................. 14, 23

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**
3580079.6 – AL109.3243

Corporation. Code § 17050 ................................................................................ 22

Corporation Code § 17051 ............................................................................ 22, 23

Corporations Code §§ 17050, 17051, 17001(ap), 2105, and 17456 ....................... 4, 13

Corporation Code § 17051(e) ............................................................................. 23

Federal Deposit Insurance Corporation §§ 1811- 1835a ................................................ 9

Federal Deposition Insurance Corporation § 1831aa ..................................................... 9

Federal Rule Civil Procedure 9(b) ..................................................................... 18, 19

Federal Rule Civil Procedure 12(b)(6) ................................................................... 1, 4

Federal Rule Evidence 201 .................................................................................. 4

Federal Rule Evidence 201(d) .............................................................................. 5

Government Code § 8214 ..................................................................................... 17

Penal Code § 115 ............................................................. 7, 12, 13, 14, 15, 18, 20

**Other Authorities**

Declaratory Judgment Act ("DJA") ........................................................................ 23

Home Ownership Equity Protection Act ("HOEPA") ...................................................... 6

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**

3580079.6 -- AL109.3243

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), *for itself, erroneously sued as JP Chase Home Finance, and as Successor by Merger to* Chase Home Finance LLC, and JPMC Specialty Mortgage LLC, formerly known as WM Specialty Mortgage LLC ("JPMC," and collectively "Defendants"), respectfully submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint ("Complaint") of plaintiff Edward C. Tidwell ("Plaintiff") under Federal Rules of Civil Procedure ("FRCP") section 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted.

## I.   SUMMARY OF ARGUMENT

This is Plaintiff's fifth lawsuit related to that loan secured by real property located at 5157 Roundup Way, Antioch, California (the "Property"), and the valid nonjudicial foreclosure conducted on the Property. Plaintiff voluntarily dismissed the first two lawsuits as against these Defendants, the third lawsuit filed in the federal court was decided in Defendants' favor on the federal claims alleged in that case, and the fourth lawsuit was decided in favor of JPMC.

Undeterred, Plaintiff filed the instant action on or about June 7, 2013, in yet another attempt to set aside the nonjudicial foreclosure sale. Plaintiff's claims in this lawsuit are repetitive of the claims already decided in his third and fourth lawsuits, and the validity of the foreclosure sale has been adjudicated in the unlawful detainer action. Further, the causes of action alleged by Plaintiff are without merit. Plaintiff still fails to set forth facts to state a cognizable cause of action against Defendants. Therefore, this Motion to Dismiss should be granted as to the entire Complaint without leave to amend.

## II.   SUMMARY OF RELEVANT FACTS

Plaintiff obtained a residential loan in the sum of $455,000.00 ("Loan"), secured by a deed of trust ("DOT") encumbering the Property that was recorded on or about August 15, 2005, with the Contra Costa County Recorder's Office as instrument

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1

1  number 2005-0305754. (Comp., Exh. C.) The DOT identifies Argent Mortgage

2  Company, LLC ("Argent") as the lender and beneficiary, Town and Country Title

3  Services, Inc. ("T & C") as trustee, and Plaintiff as the borrower. *Id.*

4      Plaintiff subsequently defaulted on the Loan. A Notice of Default and Election

5  to Sell Under Deed of Trust ("NOD #1") in connection with the DOT was recorded on

6  or about May 8, 2006, with the Contra Costa County Recorder's Office as instrument

7  number 2006-0143809. (Comp., Exh. J.) Subsequently, Plaintiff made payment on

8  the Loan (Comp., Exh. L), and a Notice of Rescission of Notice of Default was

9  recorded on or about May 8, 2006, with the Contra Costa County Recorder's Office as

10  instrument number 2006-0143809, rescinding NOD #1. (Comp., Exh. M.)

11      After NOD #1 was rescinded, Plaintiff again defaulted on the Loan, and a

12  second Notice of Default ("NOD #2") was recorded on or about October 16, 2006,

13  with the Contra Costa County Recorder's Office as instrument number 2006-0327557.

14  (Comp., Exh. I.) An Assignment of the DOT was recorded on or about May 12, 2006,

15  with the Contra Costa County Recorder's Office as instrument number 2006-

16  0150686-00 (Comp., Exh. D) and another recorded on December 6, 2006, with the

17  Contra Costa County Recorder's Office as instrument number 2006-0389226.

18  (Comp., Exh. F.) The Assignment memorialized the transfer of the beneficial interest

19  in the DOT to WM Specialty Mortgage LLC. *Id.* A Substitution of Trustee was

20  recorded on December 6, 2006, with the Contra Costa County Recorder's Office as

21  instrument number 2006-0389227, identifying the new trustee under the terms of the

22  DOT as Cal-Western Reconveyance Corporation (Comp., Exh. G.) A Notice of

23  Trustee's Sale ("NOTS") was recorded on or about May 27, 2010, in the Contra Costa

24  County Recorder's Office as instrument number 2010-0106061. (Comp., Exh. Q.)

25      Plaintiff failed to cure the default and the Subject Property was sold at public

26  auction on February 4, 2011, which was memorialized by a Trustee's Deed Upon Sale

27  ("TDUS") recorded on February 22, 2011, in the Contra Costa Recorder's Office as

28  instrument number 2011-0038938. (Comp., Exh. O.) The TDUS reflects that JPMC,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

2

3580079.6 -- AL109.3243

1   formerly known as WM Specialty Mortgage LLC, was the purchaser at the

2   foreclosure sale. *Id.* JPMC is a Delaware LLC. (Defendants' Requests for Judicial

3   Notice ("RJN"), Exh. 11.)

4          On or around March 8, 2011, JPMC commenced an unlawful detainer action in

5   the Contra Costa Superior Court, Pittsburg Judicial District, Case No. PS11-0418.

6   (RJN, Exh.1.)   The matter proceeded to judgment, the court having granted the

7   Motion for Summary Judgment of JPMC on November 4, 2011.  (RJN, Exh. 2.)  In

8   particular, the Court adjudged that title to the Subject Property was duly perfected and

9   the Subject Property was acquired in accordance with Cal. Civil Code § 2924. *Id.*

10  **III.   PROCEDURAL HISTORY**

11         Plaintiff originally filed a lawsuit in the Contra Costa Superior Court on or

12  about March 10, 2008, in a case entitled *Tidwell v. Argent Mortgage, et al.*, case

13  number CIVMSC08-00573.  The case was subsequently dismissed by the Court on or

14  about August 27, 2009, for Plaintiff's failure to prosecute. (Comp., ¶ 33.)

15         Plaintiff then filed a second lawsuit in the Contra Costa Superior Court on or

16  about July 8, 2010, in the case entitled *Tidwell v. JPMorgan Chase Bank, N.A., et al.*

17  Plaintiff subsequently dismissed JPMorgan Chase Bank, N.A., JPMorgan Chase &

18  Co., California Reconveyance Company, and JPMC Specialty Mortgage LLC from

19  the lawsuit on or about August 29, 2010.  (Comp., ¶ 33.)

20         Plaintiff filed his third lawsuit in the United States District Court for the

21  Northern District of California on or about March 11, 2011, in a case entitled *Tidwell*

22  *v. JPMorgan Chase Bank, N.A., et al.*, case number 11-CV-01145 (the "Prior Federal

23  Action").  (Comp., ¶ 33; RJN, Exh. 3.)  On June 20, 2011, on Defendants' motion, the

24  district court dismissed Plaintiff's federal claims with prejudice, and state law causes

25  of action without prejudice to Plaintiff's re-filing them in state court. (RJN, Exh. 4

26  (Order) and Exh. 5 (Judgment).)

27         Plaintiff filed his fourth lawsuit on or about October 28, 2011, in the Contra

28  Costa Superior Court, entitled *Tidwell v. JPMorgan Chase & Co., et al.*, case number

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  C11-02461 (the "State Action").  (Comp., ¶ 33.)  The Second Amended Complaint

2  ("SAC") in the State Action alleged claims for violation of Cal. Corporations Code §§

3  17050, 17051, 17001(ap), 2105, and 17456, breach of contract, fraud, negligence,

4  intentional misrepresentation, civil conspiracy, to vacate the trustee's sale under Civil

5  Code § 3412 et seq., violation of Business & Professions Code § 17200, unjust

6  enrichment, an accounting, declaratory relief, and injunctive relief.  (RJN, Exh. 6.)

7  Plaintiff attempted to prevail against JPMC by way of default and dismissed all other

8  of these Defendants.  (RJN, Exh. 7.) However, the court set aside the default against

9  JPMC (RJN, Exh. 8) and then it sustained its demurrer as to the entire SAC without

10  leave to amend (RJN, Exh. 9).  The judgment in favor of JPMC is currently on appeal.

11  (RJN, Exh. 10.)

12       On or about June 7, 2013, Plaintiff filed this, his fifth lawsuit, relating to the

13  Loan and foreclosure.  Plaintiff's federal claims in this action are barred by res

14  judicata based upon the dismissal of Plaintiff's federal claim in the Prior Federal

15  Action, and the entire complaint is barred by res judicata as against JPMC.

16  **IV.**   **STANDARD FOR A MOTION TO DISMISS**

17       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be

18  brought when a plaintiff fails to state a claim upon which relief can be granted.  A

19  complaint attacked by a Rule 12(b)(6) motion to dismiss requires more than labels and

20  conclusions, and a formulaic recitation of the elements of a cause of action will not do.

21  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).  "Factual allegations

22  must be enough to raise a right to relief above the speculative level on the assumption

23  that all of the complaint's allegations are true."  *Id*; *see also Ashcroft v. Iqbal*, 129

24  S.Ct. 1937 (2009).

25       Also, on a motion to dismiss, a court may take judicial notice of matters of

26  public record in accordance with Federal Rule of Evidence 201 without converting the

27  motion to dismiss to a motion for summary judgment.  *Lee v. City of Los Angeles*, 250

28  F.3d 668, 688-689 (9th Cir. 2001) (*citing Mack v. South Bay Beer Distributors, Inc.*,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

4

798 F.2d 1279, 1282 (9th Cir. 1986)).  Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d); *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1117, 1109 (N.D. Cal. 2003).

## V.  THE FEDERAL CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA AS TO ALL DEFENDANTS, AND THE ENTIRE COMPLAINT AGAINST DEFENDANT JPMC SPECIALTY MORTGAGE LLC IS BARRED BY RES JUDICATA

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997); see also *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action."); *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (holding that res judicata bars consideration of a hostile work environment claim that could have been raised in a prior discrimination action between the same parties on essentially the same facts)

The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Western Radio, supra.*  Whether the plaintiff has stated in the instant suit a cause of action different from those raised in his first suit is determined by applying several criteria to determine whether successive lawsuits involve a single cause of action:

> "(1) whether rights or interests established in the prior judgment would
> be destroyed or impaired by prosecution of the second action; (2)
> whether substantially the same evidence is presented in the two actions;
> (3) whether the two suits involve infringement of the same right; and (4)
> whether the two suits arise out of the same transactional nucleus of
> facts."

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**

1  *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980). The last of these criteria is the

2  most important. *Id.*; see also *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863,

3  868 (9th Cir.1995) (holding that res judicata bars subsequent action when the plaintiff

4  "had to produce substantially the same evidence in both suits to sustain its case").

5       The Supreme Court has made clear that there is "no principle of law or equity

6  which sanctions the rejection by a federal court of the salutary principle of res

7  judicata." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424,

8  69 L.Ed.2d 103 (1981) (internal quotation marks and citation omitted). The Court

9  explained that "[t]he doctrine of res judicata serves vital public interests beyond any

10 individual judge's ad hoc determination of the equities in a particular case" and

11 rejected any equitable exceptions to the application of res judicata based on "public

12 policy" or "simple justice." *Id.*

13       1.   **Plaintiff's federal claims have already been decided in favor of**

14            **JPMorgan Chase Bank, N.A., and Chase Home Finance LLC**

15            **in the prior federal action.**

16       Here, with the exception of Plaintiff's meritless RESPA claim based upon his

17 purported QWR (which is addressed in Section VII, *infra*), all federal claims brought

18 by Plaintiff or that Plaintiff could have brought have already been decided in

19 Defendants' favor in the Prior Federal Action.  Plaintiff filed his complaint in that case

20 on March 10, 2011, based upon substantially the same facts alleged herein, after

21 foreclosure, alleging federal claims violation of the Home Ownership Equity

22 Protection Act ("HOEPA"), 15 U.S.C. § 1639, et seq., violation of RESPA, violation

23 of TILA, and violation of RICO. (RJN, Exh. 3.)  Defendants, including JPMorgan and

24 Chase Home Finance LLC, moved to dismiss that complaint, and their motion was

25 granted without leave to amend as to the federal causes of action, with the court

26 declining jurisdiction over the state causes of action.  (RJN, Exhs. 4 and 5.)

27       Plaintiff may argue that he could not have alleged a claim for violation of

28 RESPA in the Prior Federal Action because that action was filed on March 5, 2011

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT
3580079.6 – AL109.3243

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  (RJN, Exh. 3), and the Consent Order was issued on April 13, 2011 (Comp., Exh. A.).

2  However, the Prior Federal Action was not dismissed until June 20, 2011 (RJN, Exh.

3  4), and Plaintiff alleges that Defendants violated the Consent Order based upon their

4  acts leading up to, and including, the foreclosure that occurred on February 4, 2011

5  (Comp., ¶¶ 117-118, and its Exh. O.)  Therefore, Plaintiff had more than two months

6  during which he could have sought leave to amend his complaint to add his claim for

7  violation of the Consent Order that he alleged in the Complaint herein.

8       Because all of Plaintiff's federal claims in this lawsuit, other than his RESPA

9  claim relating to his purported QWR, were already raised and dismissed with

10  prejudice in the Prior Federal Court Action, or could have been raised in that action,

11  all federal claims in the Complaint herein other than his second claim for violation of

12  RESPA based upon the purported QWR must be dismissed based upon res judicata.

     **2.**     **The entire complaint is res judicata as to JPMC Specialty Mortgage LLC based upon judgment entered in the Contra Costa Superior Court.**

16       Plaintiff's claims against JPMC are based upon the same nucleus of facts

17  alleged in his last lawsuit filed in the State Action, they involve infringement of the

18  same right, Plaintiff is presenting the same evidence in both cases, and the finality of

19  the judgment in favor of JPMC in the State Action would be a nullity if Plaintiff is

20  allowed to prosecute this lawsuit against JPMC.  In both actions, Plaintiff alleges

21  defects with respect to the order of the recording of the foreclosure instruments (RJN,

22  Exh. 6, ¶ 34; Complaint, ¶ 43-45), defects with respect to Ms. Price's signing authority

23  based upon her deposition testimony in an unrelated case (RJN, Exh. 6, ¶ 36-38;

24  Complaint, ¶ 46-50, 56); JPMC lacked authority to conduct business in California

25  (RJN, Exh. 6, ¶ 40-43; Complaint, ¶ 201), violation of California Civil Code § 2923.5,

26  2923.52-55 and 2924 (RJN, Exh. 6, ¶ 61-78; Complaint, ¶ 68-81, 142-150), and

27  violations of Penal Code § 115 (RJN, Exh. 6, ¶ 2; Complaint, ¶¶ 153-173),

28       Plaintiff has had his day in court in the State Action and lost when JPMC's

1  demurrer to the SAC was sustained without leave to amend.  Plaintiff cannot be

2  allowed to take another bite at the apple by simply filing essentially the same action in

3  the District Court.  Because Plaintiff is seeking to try claims here that he already tried

4  and lost in the State Action, or had the opportunity to try but did not, the entire

5  Complaint herein should be dismissed against JPMC based upon res judicata.

6  **VI.  PLAINTIFF'S FIRST CLAIM  FOR VIOLATION OF 12 U.S.C. §§ 1813**

7  **AND 1818, ET SEQ. FAILS**

8      **A.  No private right of action under the cited statutes.**

9      Plaintiff's first claim is alleged against defendants JPMorgan and Rust

10  Consulting, Inc.  (Comp., ¶ 119.)  In it, Plaintiff seeks recourse for JPMorgan's

11  alleged violation of the terms of a Consent Order between the Office of the

12  Comptroller of the Currency ("OCC") and JPMorgan issued pursuant to 12 U.S.C. §§

13  1313(a) and 1818(b) on April 13, 2011.  (Comp., Exh. A.)  Plaintiff alleges that the

14  foreclosure on the Property on February 4, 2011, was in violation of the Consent

15  Order entered into two months later (Comp., ¶ 117).

16      Notwithstanding the fact that JPMorgan could not have violated a Consent

17  Order that did not exist at the time of the foreclosure sale, and Plaintiff's failure to

18  identify the provisions of the Consent Order allegedly violated, Plaintiff's first claim

19  fails because no private right of action is authorized under the Consent Order or 12

20  U.S.C. §§ 1813 and 1818, et seq.

21      The Stipulation and Consent to the Issuance of a Consent Order (Comp., Exh.

22  A), Article II ("Agreement"), states at its paragraph (7):

23          "The terms and provisions of the Stipulation and the Consent

24      Order shall be binding upon, and inure to the benefit of, the parties hereto

25      and their successors in interest. *Nothing in this Stipulation or the*

26      *Consent Order, express or implied, shall give to any person or entity,*

27      *other than the parties hereto, and their successors hereunder, any benefit*

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**

3580079.6 -- AL109.3243

1  *or any legal or equitable right, remedy or claim under this Stipulation or*

2  *the Consent Order."*  (Emphasis added.)

3  Likewise, 12 U.S.C. §§ 1813 and 1818, et seq., do not authorize private rights

4  of action.  Both §§ 1813 and 1818 are found within Title 12 of the U.S. Code,

5  Chapter 16, the "Federal Deposit Insurance Corporation" (§§ 1811- 1835a).  Section

6  1813 merely provides definitions for terms used within Chapter 16, and § 1818 is

7  entitled "Termination of status as insured depository institution," and neither statute

8  contains any enforcement provisions.  The only enforcement section, § 1831aa,

9  entitled "Enforcement of Agreements," dictates that only the appropriate Federal

10  banking agency for a depository institution may enforce the terms of any condition

11  imposed in writing by the agency on the depository institution, or any written

12  agreement entered into between the agency and the depository institution.  There is

13  nothing within Title 16 that authorizes a private claim to enforce its provisions.

14  **VII.  PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 12 U.S.C. §§**

15  **2601 AND 2605, ET SEQ. (RESPA) FAILS**

16  Plaintiff's claim under the RESPA fails because: (1) the alleged qualified

17  written request ("QWR") was submitted on July 5, 2012, more than a year after the

18  foreclosure on February 4, 2011, and (2) Plaintiff did not demonstrate noncompliance

19  with RESPA or any damages resulting from noncompliance.

20  To state a claim for violation of RESPA, a plaintiff must: (1) allege a breach of

21  RESPA duties; and (2) allege that the breach resulted in actual damages.  *See*

22  *Hamilton v. Bank of Blue Valley,* 746 F.Supp.2d 1160, 1175 (E.D. Cal. 2010); *see*

23  *also,* 12 U.S.C. § 2605(f)(1)(A)("Whoever fails to comply with this section shall be

24  liable to the borrower ... [for] any actual damages to the borrower as a result of the

25  failure."); *Cortez v. Keystone Bank,* 2000 WL 536666, *12 (E.D.Pa. May 2, 2000) (a

26  claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the

27  alleged violation)."

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**A.**     <u>**The QWR is invalid because it was submitted more than one year**</u>
<u>**after the foreclosure sale.**</u>

RESPA requires that loan servicers provide a timely written response to a QWR from a borrower. 12 U.S.C. § 2605(e)(1), (2). The federal regulations interpreting RESPA provide that "[a] written request does not constitute a qualified written request if it is delivered to a servicer more than 1 year after either the date of transfer of servicing or the date that the mortgage servicing loan amount was paid in full, whichever date is applicable." 24 C.F.R. § 3500.21(e)(2)(ii).

Here, the trustee's sale occurred on February 4, 2011 (Comp., Exh. O (TDUS)), after which any servicer-borrower relationship between Plaintiff and JPMorgan [as the Loan's servicer] extinguished, and thus JPMorgan had no duty to respond to the alleged QWR allegedly sent on July 5, 2012 (Comp., ¶ 124), more than a year after foreclosure. Once the Property was sold at the non-judicial foreclosure, JPMorgan's obligation to service ceased altogether as the Loan ceased to exist. Therefore, Plaintiff did not submit a QWR as defined by 24 C.F.R. § 3500.21 (e)(2)(ii).

**B.**     <u>**Plaintiff has failed to demonstrate noncompliance with RESPA or**</u>
<u>**any damages resulting from noncompliance.**</u>

In the instant case, Plaintiff has not demonstrated that he submitted a proper QWR that would require a response. A QWR requests information relating to the servicing of a loan. 12 U.S.C. § 2605(e)(1)(A). "A QWR should include statements identifying the reasons why the borrower believes her account is in error." *Beall v. Quality Loan Service Corp.*, 2011 WL 1044148, *3-4 (S.D. Cal. March 21, 2011). To be a sufficiently pleaded claim for a violation of RESPA based on failure to respond to a QWR, a plaintiff must plead submission of a QWR that complied with the statutory requirements. *Farmer v. Ocwen Loan Servicing, LLC*, 2010 WL 489701 at *7 (E.D. Cal. 2010). Entirely missing from the Complaint is a copy of the QWR or sufficiently pled facts demonstrating that the QWR met the statutory requirements.

JPMorgan responded to the purported QWR by its counsel's letter to Plaintiff

3580079.6 -- AL109.3243

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1   dated February 26, 2013 (Comp., Exh. K, the "QWR Response").  The QWR

2   Response fully describes the deficiencies in Plaintiff's purported QWR, including its

3   failure to include a statement of the reasons why he believed the account was in error,

4   any explanation as to why the demands for documents were made, the failure to allege

5   any improprieties regarding the foreclosure sale process, and requests for documents

6   and information unrelated to the servicing of the Loan.  (*Id.*)   Plaintiff alleges that the

7   purported QWR was sent "in accordance with the OCC and the FRB's (federal bank

8   regulators) requirements outlined to submit a Request for Review Form for an

9   Independent Foreclosure Review to assess Plaintiff's financial injuries as a result of"

10   the foreclosure.  (Comp., ¶ 125.)  Plaintiff has not alleged, nor can he, that

11   Independent Foreclosure Review pursuant to the OCC Consent Order authorizes him

12   to directly request information from JPMorgan, or that it has anything to do with

13   RESPA and QWRs.

14         Although Plaintiff generally alleges that has suffered injuries, harm and

15   irreparable damages as the result of JPMorgan's alleged non-compliance with RESPA

16   (Comp., ¶139), he does so in purely conclusory fashion.  In reality, Plaintiff could not

17   have been damaged in any way by Defendants' alleged non-compliance.  Plaintiff

18   mailed his purported QWR on July 5, 2012, and JPMorgan, through its attorney, sent

19   its response to the purported QWR on February 26, 2013.   The foreclosure occurred

20   more than a year before Plaintiff sent his purported QWR, so an earlier response

21   would not have prevented the foreclosure.  Plaintiff has suffered no damages related to

22   his purported QWR.  Therefore, he cannot state a claim for damages for non-

23   compliance with RESPA.

24

25

26

27

28

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**

3580079.6 -- AL109.3243

VIII. **PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 2923.5, 2923.52-55, AND 2924 FAILS**

    A.    **The Notice of Default was recorded before Civil Code §§ 2923.5 and 2923.52-55 were enacted.**

Plaintiff alleges that Defendants violated California Civil Code §§ 2923.5 and 2923.52-55, by issuing and recording a notice of default in 2006 without contacting him to explore alternatives to foreclosure. (Comp., ¶¶ 68-81.) The subject Notice of Default upon which the Trustee's Sale was conducted was recorded October 16, 2006. (Comp., Exh. I.) However, § 2923.5 did not exist until 2008, nearly two years after the Notice of Default was issued. *See* Cal. *Civ. Code* §§ 2923.5. Sections 2923.52-55 did not exist until 2009. *See* Cal. *Civ. Code* §§ 2923.52-55. Moreover, §§ 2923.52-54 were repealed in 2011.

Thus, Defendants could not have violated statutes which did not exist at the time the Notice of Default was recorded, and they cannot be held liable for the violation of statutes that were repealed before the Complaint was filed.

    B.    **Plaintiff has not alleged a violation of Civil Code § 2924.**

Plaintiff's allegation that Defendants have violated § 2924 is predicated entirely upon his contention that Defendants violated §§ 2923.5 and 2923.52-55, i.e., Plaintiff contends that by violating §§ 2923.5 and 2923.52-55, Plaintiff's foreclosure was in violation of § 2924. (Comp., ¶¶ 73-81, 97, 143, 147-148). Plaintiff has not alleged any independent basis for a wrongful foreclosure claim based upon § 2924. Therefore, because §§ 2923.5 and 2923.52-55 did not exist when the Notice of Default was recorded, Plaintiff cannot state a claim for wrongful foreclosure based upon a violation of 2924.

IX. **PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF CALIFORNIA PENAL CODE § 115 FAILS**

Penal Code § 115, paragraph (a), holds that "[e]very person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  any public office within this state, which instrument, if genuine, might be filed,

2  registered, or recorded under any law of this state or of the United States, is guilty of a

3  felony."  The allegations in the claim relating to the alleged falsity of recorded

4  instruments are based upon two contentions: (1) Plaintiff's contention that the

5  recorded instruments signed by or on behalf of Chase Home Finance LLC are invalid

6  because Chase Home Finance LLC was not registered to do business in California at

7  the time they were signed (Comp., ¶ 156), and (2) Plaintiff alleges that documents

8  signed by Dana A. Rosas are faulty (Comp., ¶ 163.)

9       First, it should be noted that neither issue qualifies as a violation of Penal Code

10 § 115.  Plaintiff never alleges that any of the recorded instruments is false (i.e., not

11 what it is purported to be) or forged (e.g., not signed by the person purported to have

12 signed it).  Rather, Plaintiff alleges that there exists a defect in several of the

13 instruments that makes them void or voidable.  Those contentions are without merit.

14    **A.    Chase Home Finance LLC was not required to be licensed to do**

15         **business in California.**

16       In support of his claim, Plaintiff points to Exhibit B to his Complaint, a

17 Certificate of No Record from the California Secretary of State indicating that Chase

18 Home Finance LLC filed a Certificate of Cancellation on January 20, 2005, and is no

19 longer authorized to transact *intrastate business* in California, and a Certificate of No

20 Record Limited Liability Company for entities named JPM Mortgage LLC and JPMC

21 indicating that they are not registered to transact *intrastate business* in California.

22 From those records, Plaintiff concludes that Chase Home Finance LLC was prohibited

23 from transacting business in California.  This contention is an extension of his seventh

24 claim for violation of Corporations Code §§ 17050, 17051 and 17456, in which he

25 contends that "the State of California and the Secretary requires that every operating

26 LLC be formed and organized under the Beverly-Killea Limited Liability Company as

27 described in California Corporation Code §§ 17050 and 17051[.]"  (Comp., ¶ 199.)

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

13

1    Plaintiff is wrong because Chase Home Finance LLC and JPMC did not transact

2    *intrastate business* in California as that term is defined by statute.

3        California law requires registration for foreign LLCs "transacting intrastate

4    business" in California.  However, transacting "intrastate business" does not

5    encompass all possible business activities in California, but has a specific and limited

6    meaning: to transact intrastate business means "to enter into repeated and successive

7    transactions of business in [California], other than in interstate or foreign commerce."

8    Corp. Code § 17001(ap) (emphasis added).  Corporations Code § 17001(ap)(2)

9    provides further that it "shall not be considered to be transacting intrastate business" if

10   it conducts one or more types of activity expressly listed in the statute as non-

11   intrastate business."  Exempted activities include "[c]reating or acquiring evidences of

12   debt or mortgages, liens, or security interests in real or personal property" (Corp. §

13   17001(ap)(2)(G), "[s]ecuring or collecting debts or enforcing mortgages and security

14   interests in property securing the debts" (Corp. Code § 17001(ap)(2)(H)) and

15   "[m]aintaining or defending any action or suit or any administrative or arbitration

16   proceeding, or effecting the settlement thereof, or the settlement of claims or

17   disputes."  Corp. Code § 17001(ap)(2)(A).  Therefore, the alleged activities allegedly

18   engaged in by Chase Home Finance LLC, the Loan's servicer, and JPMC, the

19   assigned beneficiary under the DOT and the grantee at the foreclosure sale, are

20   exempt from the restrictions from conducting "intrastate business" within California.

21   Accordingly, recorded instruments involving Chase Home Finance LLC and JPMC

22   are not false or forged and were not recorded in violation of Penal Code § 115.

23       **B.**    **Plaintiff's contentions that Tamara Price was not authorized to sign**

24           **the recorded instruments is lacking in foundation and authority.**

25       Plaintiff also alleges that certain of the relevant recorded instruments violate

26   Penal Code § 115 because:  (1) the Substitution of Trustee signed by Dana Rosas

27   contains the handwritten addendum, "effective 10/15/2006" (Comp., ¶ 165), (2)

28   Tamara Price allegedly did not have signing authority, and (3) because the notary

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

acknowledgement of Ms. Price's signature was allegedly defective.  Each of the three

contentions lacks merit and they do not constitute violations of Penal Code § 115.

Moreover, Plaintiff has not been damaged or prejudiced in any way as a result of the

acts complained of.

### 1.   The inclusion of "effective 10/15/2006" does not invalidate the instrument or constitute a violation of Penal Code § 115.

In paragraph 165 of the Complaint, Plaintiff alleges that the Substitution of

Trustee recorded on December 6, 2006, was "obviously tampered with" in that it

contains the handwritten statements, "effective 10/15/2006." (Comp., ¶ 165, Exh. G.)

It should be noted that the Assignment of Deed of Trust recorded on December 6,

2006, contains the same statement, "effective 10/15/2006." (Comp., Exh. F.)[1]

However, the inclusion of the retroactive effective date does not invalidate either

instrument.  California authority holds that "a party of a contract may ... fix retroactive

dates of execution for a contract."  *Du Frene v. Kaiser Steel Corp.*, 231 Cal.App.2d

452, 458 (1964); see also *National Parks & Conservation Assn. v. County of

Riverside*, 42 Cal.App.4th 1505, 1522 (1996) [parties are "within their rights" to make

their agreement effective on a date other than the date they executed it].)

Therefore, the inclusion of language in the Substitution of Trustee and the

Assignment of Deed of Trust making both instruments retroactively effective to

October 15, 2006, does not invalidate either instrument, and does not render either

document false or forged under Penal Code § 115.

---

[1] In ¶ 165 of the Complaint, Plaintiff also references a Substitution of Trustee recorded on December 5, 2006, in the Riverside County Recorder's Office that was signed by Ms. Rosas that also contains the handwritten statement "effective 10/15/2006." (Comp., ¶ 165, Exh. E.)  It should be noted that Substitution of Trustee is entirely irrelevant as it does not relate to the subject DOT, the subject parties, or the subject property.

3580079.6 -- AL109.3243

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

2. **Plaintiff's contention that Ms. Price was not authorized to sign the relevant instruments is based upon his mischaracterization of her deposition testimony in an unrelated case.**

Plaintiff contends that Ms. Price was not authorized to sign the Substitution of Trustee (Comp., Exh. G) and the Assignment of Deed of Trust (Comp., Exh. F) based upon his mischaracterization of deposition testimony that she gave in an unrelated case. Ms. Price signed the Substitution of Trustee and the Assignment of Deed of Trust on October 27, 2006. (*Id.*) In her deposition testimony in the unrelated case, regarding an irrelevant affidavit that she signed, that was not produced by Plaintiff herein, Ms. Price was asked whether, as of February 27, 2007, she was a Vice President of AMC Mortgage Services. She responded affirmatively for purposes of having signing authority. (Comp., Exh. H, p. 14:3-10.) Plaintiff mischaracterizes Ms. Price's response as her stating that she commenced being a Vice President with signing authority on February 26, 2007. (Comp., ¶ 168.) However, the question was not when Ms. Price became a Vice President for AMC Mortgage Services; rather, she was only asked whether, as of February 26, 2007, she was a Vice President for AMC Mortgage Services. The logical explanation as to why she was asked specifically about the date of February 26, 2007, was because that was the day that she signed an affidavit that was made an exhibit to a motion for summary judgment filed on March 23, 2007. (Comp., Exh. H, p. 13:17-25, 21:24-22:9.) Ms. Price's deposition answer provides no support for Plaintiff's conclusion that she was not a Vice President for AMC Mortgages when she signed the Substitution of Trustee and the Assignment of Deed of Trust in this case on October 27, 2006.

3. **Plaintiff's contention that the notary acknowledgment for the Substitution of Trustee and the Assignment of Deed of Trust are defective, even if true, would not invalidate the instruments.**

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**
3580079.6 -- AL109.3243

Plaintiff also alleges that Mr. Price was not authorized to sign the Assignment of Deed of Trust and the Substitution of Trustee because the documents were not executed in the presence of a Notary Public. (Comp., ¶ 166.)   Assuming, *arguendo*, that the notary acknowledgment is defective, all that would mean is that the instrument(s) with the defective notary acknowledgment were not entitled to be recorded and thus are not capable of imparting constructive notice.   However, the instruments are still valid as between the parties to the instruments and to all those having actual notice of its existence. *Parkside Realty Co. v. McDonald*, 166 Cal. 426, 431; *Kimbro v. Kimbro*, 199 Cal. 344, 349; and *Johndrow v. Thomas*, 31 Cal.2d 202, 206.   It has been stated that, 'the acknowledgment of a deed is not essential to its validity.   The acknowledgment of a deed is merely evidentiary in character and is required only to entitle it to be recorded so as to render it competent evidence of the conveyance without further proof' *Osterberg v. Osterberg*, 68 Cal.App.2d 254, 262, 156 P.2d 46, 50. See also *Williston v. City of Yuba City*, 1 Cal.App.2d 166, 171, 36 P.2d 445.   Where a loss is sustained by reason of a false certificate of acknowledgment of a forged instrument the measure of damages recoverable for such official misconduct by the notary is determined by the evaluation of the rights which would have accrued to the injured party had the underlying instrument been valid. *Heidt v. Minor*, 113 Cal. 385; facts set forth at 89 Cal. 115. The clear implication from this rule is that there could be no recovery against the notary or his surety for his official misconduct in executing a false acknowledgment where the underlying instrument is valid, for no measurable damages would result therefrom (See Cal. Govt. Code§ 8214). *Kirsch v. Barnes* (N.D. Cal. 1957) 153 F.Supp. 260, 263.

Thus, even if the notary acknowledgments to the Assignment of Deed of Trust recorded on December 6, 2006 and the Substitution of Trustee recorded on December 6, 2006, are considered defective, the acknowledgements have no bearing upon the validity of the instruments themselves.   As a result, the instruments themselves cannot be considered false or forged, and therefore are not in violation of Penal Code § 115.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

# X.   PLAINTIFF'S FIFTH CLAIM FOR MISREPRESENTATION FAILS

Plaintiff has failed to comply with the particular pleading requirements for an actionable fraud or negligent misrepresentation claim.  In order to fulfill these requirements, the complaint must state: 1) a false representation of a material fact, 2) knowledge of the falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on the representation, and 5) resulting damage.  *Ach v. Finkelstein* (1968) 264 Cal.App.2d 667, 674.  The elements of negligent misrepresentation are the same as fraud except for the requirement of scienter; for purposes of negligent misrepresentation, it is sufficient that.  *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 181-182; *see also R&B Auto Center Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 377.  The particularity requirement for fraud mandates pleading facts that "the times, dates, places, benefits received and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure mandates that a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. Pro. 9(b).  Rule 9(b) serves to furnish defendant with notice, but also imposes the additional obligation on plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).  The *GlenFed* court interpreted 9(b) to require allegations not only as to the time, place and content of the alleged misrepresentation, but also the circumstances indicating false statements: "[t]o allege fraud with particularity, a plaintiff must set forth more than the mutual facts necessary to identify the transaction; the plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statements or omissions complained are misleading." *Id.* at 1547-48; *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) ("To avoid dismissal for inadequacy under Rule 9(b), [the]

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3580079.6 -- AL109.3243

1   complaint would need to state the time, place, and specific content of the false

2   representations as well as the identities of the parties to the misrepresentation.")

3   (internal quotations omitted).

4       In addition, to assert a fraud action against a corporation, a plaintiff must also

5   allege the names of the person or persons who allegedly made the fraudulent

6   representation, their authority to speak, to whom they spoke, what they said or wrote,

7   and when it was said or written. *In Re GlenFed Inc. Securities Li.t*, 42 F.3d 1541,

8   1547 (9th Cir. 1994); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

9       Here, Plaintiffs claim is a bundle of unclear, generalized, conclusory and

10  generally untrue allegations that fail to come close to meeting the requisite standard

11  for pleading a claim for misrepresentation.  Plaintiff's allegations in ¶¶ 176-179 fail to

12  identify a specific false representation, the identity of the person that made the alleged

13  false representation, when and how the representation was made, who that person was

14  authorized to speak on behalf of, how Plaintiff relied upon the alleged false

15  representation, and how the false representation caused Plaintiff to suffer damages.

16      For example, in ¶ 176, Plaintiff alleges that the document entitled "Important

17  Notice Regarding Your Occupancy of the Property" (Comp., ¶ S) constitutes a

18  misrepresentation because he contends that the assertion in the notice that the Property

19  was sold at foreclosure.  However, notwithstanding that Plaintiff is challenging the

20  validity of the sale, the Property was in fact sold at foreclosure as evidenced by the

21  Trustee's Deed Upon Sale attached as Exhibit O to his Complaint, so the

22  representation is not false.  Moreover, Plaintiff fails to identify the specific

23  representations contained in the notice, which was created after the foreclosure had

24  occurred, that he contends are false.  Further, it is unclear whether he is alleging the

25  alleged misrepresentations were made by employees of JPMorgan, its agents, or

26  Coldwell Banker.  Further, he fails to allege how he detrimentally relied upon the

27  notices, and how the notices caused him harm, given that the notices were posted after

28  foreclosure had occurred.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**

3580079.6 -- AL109.3243

1    Likewise, in ¶ 177, Plaintiff alleges as broadly as possible that JPMorgan, its

2  attorneys and third-parties on its behalf made representations to Plaintiff regarding

3  foreclosure that were false, and regarding the allegedly faulty Substitution of Trustee,

4  Assignment of Deed of Trust, Notice of Default, and Notice of Trustee's Sale.  Again,

5  Plaintiff never specifically cites the alleged representation at issue or any of the

6  required details concerning the representation.

7    In ¶¶ 178 and 179 fail to allege any misrepresentations, and in ¶¶ 180-185,

8  Plaintiff merely restates his defective contentions alleged in his third claim for

9  Violation of Civil Code §§ 2923.5, 2923.52-55 and 2924, and his fourth claim for

10  violation of Penal Code § 115.

11    Because Plaintiff has not, and cannot, state a claim for intentional or negligent

12  misrepresentation with the requisite specificity required by law, his fifth claim for

13  misrepresentation should be dismissed.

14  **XI.**  **PLAINTIFF'S SIXTH CLAIM FOR UNFAIR BUSINESS PRACTICES**

15  **IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**

16  **§§ 17200-17210, ET SEQ., FAILS**

17    **A.**  **Plaintiff fails to state facts constituting unfair business practices.**

18    Plaintiff's ninth claim alleges unfair business practices under California Business

19  and Professions Code §§ 17200 ("UCL").  The UCL defines "unfair competition" as

20  one of the following wrongs: (1) an "unlawful" business act or practice; (2) an "unfair"

21  business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair,

22  deceptive, untrue or misleading advertising"; and (5) any act prohibited by section

23  17500-17577.  *See California Business and Professions Code* § 17200.

24    In order to hold Defendants liable for any of these business acts or practices,

25  Plaintiff must allege that Defendants participated in these practices.  *See Emry v. Visa*

26  *International Service Ass'n*, 95 Cal. App. 4th 952, 960 (2002) ("*Emry*") (a defendant's

27  liability must be based on his personal "participation in the unlawful practices" and

28  "unbridled control" over the practices that are found to violate section 17200.)

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT
3580079.6 -- AL109.3243

1   Furthermore, in order to allege an unlawful business practice under the UCL,

2   the plaintiff must allege facts to demonstrate that the practice violates an underlying

3   law. *See People v. McKale*, 25 Cal.3d 626, 635 (1979). These facts must be alleged

4   with reasonable particularity. *Khoury v. Maly's of California*, 14 Cal.App.4th 612,

5   619 (1993) ("A plaintiff alleging unfair business practices under these statutes must

6   state with reasonable particularity the facts supporting the statutory elements of the

7   violation.") Plaintiff does not allege that Defendants violated any law.

8   Here, Plaintiff's UCL claims are wholly inadequate. Plaintiff bases his § 17200

9   claim upon his allegations at ¶¶ 25-28 of his Complaint that the trustee's sale was

10  conducted in violation of California Civil Code §§ 2923.5, 2323.52-55, and 2924.

11  However, as noted in Section VII, *supra*, California Civil Code §§ 2923.5 and

12  2923.52-55 did not exist at the time the Notice of Default was recorded. Plaintiff's

13  general allegations of wrongdoing based upon his defective claims are insufficient to

14  state a claim against Defendants under the UCL. Accordingly, Plaintiff's claim for

15  violation of § 17200 should be dismissed without leave to amend.

16  **B.**   **Plaintiff lacks standing due to lack of injury *caused* by Defendants.**

17  Moreover, even though the foreclosure has resulted in Plaintiff' loss of the

18  Subject Property, Plaintiff has failed to allege that he lost the Subject Property as the

19  result of the acts complained of in his first, third and fourth claims. Prior to its

20  amendment in 2004, § 17200 and related provisions permitted any person acting for

21  the general public to sue for relief from unfair competition and did not predicate

22  standing on a showing of injury or damage. *Californians for Disability Rights v.*

23  *Mervyn's, LLC,* 39 Cal.4th 223, 228 (2006). As amended by Proposition 64, Business

24  and Professions Code §17204 now limits standing in a Section 17200 action to certain

25  specified public officials and to "any person who has suffered injury in fact and has

26  lost money or property as a result of ... unfair competition." *Id.*

27  Here, Plaintiff did not lose the Subject Property due to a real or imagined

28  technical defect in the foreclosure process. The Subject Property was foreclosed

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3580079.6 -- AL109.3243

1    because Plaintiff defaulted on the Loan, and Plaintiff failed to reinstate the Loan

2    within the statutory time period allowed.  Plaintiff never alleges in his Complaint that

3    he attempted to reinstate the Loan prior to foreclosure or that he was prevented from

4    reinstating due to any specific violation of Civil Code § 2924, et seq.  Because

5    Plaintiff suffered his loss of property due to his own default on the Loan, and not due

6    to a defect in the foreclosure documents, he lacks standing to sue under § 17200.

7    **XII.   PLAINTIFF'S SEVENTH CLAIM FOR VIOLATION OF CALIFORNIA**

8    **CORPORATIONS CODE §§ 17050, 17051 AND 17456 FAILS**

9            Plaintiff's cause of action for violation of certain provisions of the California

10   Corporations Code fails.  Plaintiff alleges that "the State of California and the

11   Secretary requires that every operating LLC be formed and organized under the

12   Beverly-Killea Limited Liability Company as described in *California Corporation*

13   *Code §§* 17050 and 17051[.]" (Comp., ¶ 199.)

14          Here, Plaintiff's claim fails for the simple reason that JPMC is not an LLC

15   formed under the laws of California.  Rather, JPMC is a Delaware LLC.  See, RJN,

16   Exh. 11.  Thus, the statutes do not apply to the facts of this case.  Indeed, Corporations

17   Code § 17050 relates to the formation requirements of a limited liability company in

18   California and Corporations Code § 17051 pertains to the contents of the article of

19   organization to be prepared in connection with the formation of a limited liability

20   company in California.  Accordingly, the cause of action fails on these grounds.

21          Plaintiff inartfully alleges that JPMC violated state laws, rules and regulations

22   by recorded documents in connection with the non-judicial foreclosure.  Plaintiff's

23   vague contentions are without merit.  California law requires registration only for

24   foreign LLCs "transacting intrastate business" in California. Transacting "intrastate

25   business" does not encompass all possible business activities in California; it has a

26   specific and limited meaning.  To transact intrastate business means "to enter into

27   repeated and successive transactions of business in [California], other than in

28   interstate or foreign commerce." Corp. Code § 17001(ap) (emphasis added).  Corp.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1   Code § 17001(ap)(2) provides further that it "shall not be considered to be transacting

2   intrastate business" if it conducts one or more types of activity expressly listed in the

3   statute as non-intrastate business. Corp. Code § 17001(ap)(2).   Exempted activities

4   include "[s]ecuring or collecting debts or enforcing mortgages and security interests in

5   property securing the debts" (Corp. Code § 17001(ap)(2)(H)) and "[m]aintaining or

6   defending any action or suit or any administrative or arbitration proceeding, or

7   effecting the settlement thereof, or the settlement of claims or disputes." Corp. Code

8   § 17001(ap)(2)(A).  Finally, the section does not require registration for a company to

9   defend itself in a civil action. *See Corp. Code* § 17001(ap)(1)-(2).Therefore, the

10  activities allegedly engaged in by Defendants, including enforcement of the DOT by

11  way of nonjudicial foreclosure, are exempted.   Accordingly, the cause of action fails

12  on this ground as well.

13      Moreover, Plaintiff also fails to state that a violation of these code sections

14  caused him any harm because Plaintiff the alleged failure to form an LLC under the

15  laws of the State of California did not cause his default and the non-judicial

16  foreclosure sale.  In addition, the statute only grants the California Secretary of State

17  the authority to take action with respect to a violation. *See  Corp. Code* § 17051(e).

18  Thus, there is no basis for a private right of action under the statute for Plaintiff to

19  challenge the foreclosure proceedings or the DOT.

20  **XIII.  PLAINTIFF'S EIGHTH CLAIM FOR DECLARATORY RELIEF FAILS**

21      An action under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201,

22  requires a district court to "inquire whether there is a case of actual controversy within

23  its jurisdiction."  *American States Ins. Co v. Kearns,* 15 F.3d 142, 143-144 (9th Cir.

24  1994).  As to a controversy to invoke declaratory relief, the question is whether there

25  is a "substantial controversy, between parties having adverse legal rights, or sufficient

26  immediacy and reality to warrant the issuance of a declaratory judgment."

27  *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).  The United

28  States Supreme Court has further explained that a federal court may decline to address

**JPMORGAN'S AND JPMC'S MEMO OF PS &AS ISO MTN. TO DISMISS COMPLAINT**

1  a claim for declaratory relief where "the relief [a] plaintiff seeks is entirely

2  commensurate with the relief sought through [his] other causes of action. . .[the]

3  declaratory relief claim is duplicative and unnecessary." *Mohammed Adhavein v.*

4  *Argent Mortgage Co.*, 2009 U.S. Dist. LEXIS 61796, *14 (N.D. Cal. July 17, 2009)

5      In this claim, Plaintiff fails to allege an actual controversy that is separate and

6  apart from the controversies alleged in his prior seven claims.   In fact, this claim

7  merely repeats the allegations from the prior claims that Defendants allegedly violated

8  RESPA, that Defendants have allegedly violated Civil Code §§ 2923.5, 2923.52-55,

9  and 2924, that the NOD was prematurely recorded due to the inclusion of "effective

10  10/15/2006" on several of the recorded instruments, there are defects regarding Ms.

11  Rosas signatures, and there are issues regarding Ms. Price's signatures on the

12  instruments.   Plaintiff's declaratory relief claim does not allege any unique facts or

13  theories that will not be addressed in any of his other claims.   As a result, Plaintiff's

14  eighth claim for declaratory relief is duplicative and unnecessary, and should be

15  dismissed.

16  **XIV.  PLAINTIFF'S NINTH CLAIM FOR INJUNCTIVE RELIEF FAILS**

17      Plaintiffs' "claim" for injunctive relief fails for three reasons.   First, the claim is

18  moot as foreclosure on the Property has already occurred.   There is nothing to enjoin.

19      Second, injunctive relief is not a cause of action, but a remedy.   *See, Rose v.*

20  *J.P. Morgan Chase, N.A.,*  2012 WL 892282 (E.D. Cal. Mar. 14, 2012) ("[c]laims for

21  injunctive relief have been consistently classified under California law as remedies

22  and not valid causes of action in their own rights…"); *Camp v. Board of Supervisors*

23  123 Cal.App.3d 334, 356 (1981) ["Injunctive relief is a remedy and not, in itself, a

24  cause of action and a cause of action must exist before injunctive relief may be

25  granted"); *see also, County of Del Norte v. City of Crescent City* 71 Cal.App.4th 965,

26  973 (1999) (a permanent injunction is an equitable remedy, not a cause of action, and

27  thus it is attendant to an underlying cause of action.).

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1    Third, an injunction can be issued only if a plaintiff demonstrates: 1) likelihood

2  of success on the merits; 2) a substantial threat that plaintiff will suffer irreparable

3  injury if the injunction is denied; 3) the threatened injury outweighs any damage the

4  injunction might cause to defendant; and 4) the injunction will not disserve the public

5  interest. *Production Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987); *Owner-*

6  *Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367

7  F.3d 1108, 1111 (9th Cir. 2004).   Here, Plaintiffs cannot show a likelihood of

8  prevailing on the merits since the underlying claims upon which the injunction is

9  based are wholly without merit.

10    As explained throughout this Motion, Plaintiff fails to show that Defendants are

11  liable under any claim asserted in the Complaint and that he is likely to prevail on the

12  merits of any claim at the time of trial.  Last, and perhaps most importantly, the

13  foreclosure sale of the Subject Property has already occurred and the Unlawful

14  Detainer proceedings have been completed and judgment rendered against Plaintiff.

15  Thus, there is nothing for this Court to enjoin.

16 **XV.   CONCLUSION**

17    For the foregoing reasons, defendants JPMorgan and JPMC respectfully request

18  that the Court dismiss the Complaint in its entirety, without leave to amend.

19                                    Respectfully submitted,

20  DATED:  August 13, 2013         ALVARADOSMITH
                                    A Professional Corporation
21

22                                  By:   /s/  David J. Masutani
                                          THEODORE E. BACON
23                                        DAVID J. MASUTANI

24                                  Attorneys for Defendants
                                    JPMorgan Chase Bank, N.A., *for itself,*
25                                  *erroneously sued as* JP Chase Home
                                    Finance, *and as Successor by Merger to*
26                                  Chase Home Finance LLC, and JPMC
                                    Specialty Mortgage LLC, formerly known
27                                  as WM Specialty Mortgage LLC

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3580079.6 -- AL109.3243

1

## CERTIFICATE OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am employed in the County of Los Angeles, State of California.  I am over the age of 18
years and not a party to the within action.  My business address is ALVARADOSMITH, 633 W. Fifth
4    Street, Suite 1100, Los Angeles, CA 90071.

5         On **August 13, 2013**, I served the foregoing document(s) described as: **MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT
6    PURSUANT TO FRCP 12(B)(6) BY DEFENDANTS JPMORGAN CHASE BANK, N.A., *FOR
ITSELF, ERRONEOUSLY SUED AS* JP CHASE HOME FINANCE, *AND AS SUCCESSOR
7    BY MERGER TO* CHASE HOME FINANCE LLC, AND JPMC SPECIALTY MORTGAGE
LLC, FORMERLY KNOWN AS WM SPECIALTY MORTGAGE LLC** on the interested
8    parties in this action.

9    ☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s),
         addressed as follows:
10

11       *PRO SE*
         Edward C. Tidwell
12       5157 Roundup Way
         Antioch, CA 94531
13       Tel: (510) 470-8422

14   ☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 633 W. Fifth Street, Los
         Angeles, California 90071.  The envelope was mailed with postage thereon fully prepaid.  I
15       am "readily familiar" with this firm's practice of collecting and processing correspondence
         for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course
16       of business.  I am aware that on motion of party served, service is presumed invalid if postal
         cancellation date or postage meter date is more than 1 day after date of deposit for mailing in
         affidavit.

17   ☐    **BY FACSIMILE MACHINE:**  I Tele-Faxed a copy of the original document to the above
18       facsimile numbers.

     ☐    **BY OVERNIGHT MAIL:**  By placing the document listed above in a sealed envelope and
19       affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express
         and/or NORCO OVERNITE agent for delivery.
20

21   ☐    **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email
         address(es) listed on the service list.
22   ☐    **BY PERSONAL SERVICE:  I *caused to be personally served*,** by delivery of a copy of the
         document(s) listed above, placed in an envelope with the name and address of the person(s)
23       being served, and having First Legal Network, 1517 W. Beverly Blvd., Los Angeles, CA
         90026, leave the documents with a receptionist or person in charge of the recipients' offices.

24   ☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at
         whose direction the service was made.
25

26       Executed on **August 13, 2013**, at Los Angeles, California.

27                                                                    Belinda Slack

28

*Tidwell v. JPMorgan Chase Bank, N.A.*                                           CERTIFICATE OF SERVICE
3:13-cv-02621-EMC

3623688.1 -- AL109.3243

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES