1

EDWARD C. TIDWELL
5157 Roundup Way
Antioch, California 94531
Telephone: (510) 470-8422
Email: edwardctidwell@yahoo.com

2

3

4

5

Plaintiff in Pro Se

6

7

**FILED**

2013 AUG 27 P 1: 27

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

# UNITED STATE DISTRICT COURT,

9

# NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION

10

11

| | | |
|---|---|---|
| EDWARD C. TIDWELL, | ) | CASE NO.: C13-02621EMC |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S OPPOSITION TO MOTION** |
| | ) | **TO DISMISS OF DEFENDANTS** |
| | ) | **JPMORGAN CHASE BANK, N.A., CHASE** |
| vs. | ) | **HOME FINANCE LLC, JP MORGAN** |
| | ) | **CHASE HOME FINANCE AND JPMC** |
| | ) | **SPECIALTY MORTGAGE LLC,** |
| JPMORGAN CHASE BANK, N.A., CHASE | ) | **FORMERLY KNOWN AS WM** |
| HOME FINANCE LLC, JP MORGAN | ) | **SPECIALTY MORGAN LLC;** |
| CHASE HOME FINANCE, JPMC | ) | **MEMORANDUM OF POINTS AND** |
| SPECIALTY MORTGAGE LLC, | ) | **AUTHORITIES IN SUPPORT THEREOF** |
| FORMERLY KNOWN AS WM SPECIALTY | ) | |
| MORTGAGE LLC, HOMESALES, INC., | ) | *[Filed Concurrently with Request for Judicial* |
| RUST CONSULTING, INC., PROMMIS | ) | *Notice; and Objection to Request for Judicial* |
| SOLUTIONS, LLC, CAL-WESTERN | ) | *Notice of Defendants JPMorgan Chase Bank,* |
| RECONVEYANCE CORPORATION, NRT, | ) | *N.A, Chase Home Finance LLC, JP Morgan* |
| LLC, COLDWELL BANKER | ) | *Chase Home Finance and JPMC Specialty* |
| RESIDENTIAL BROKERAGE COMPANY, | ) | *Mortgage LLC, formerly known as WM* |
| VALLEY OF CALIFORNIA, INC., | ) | *Specialty Mortgage LLC]* |
| COLDWELL BANKER RESIDENTIAL | ) | |
| BROKERAGE CORPORATION, | ) | Date:   September 26, 2013 |
| and DOES 1 through 10, inclusive, | ) | Time:  1:30 p.m. |
| | ) | Crtrm: 5 |
| | ) | Hon.:  Judge Edward M. Chen |
| | ) | |
| | ) | Complaint Filed: June 7, 2013 |
| | ) | Trial Date: None Set |
| Defendants. | ) | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

EDWARD C. TIDWELL ("Plaintiff") oppose the Motion to Dismiss ("Motion") filed on August 13, 2013 by JPMORGAN CHASE BANK, N.A. ("Chase Bank"), CHASE HOME FINANCE LLC ("Chase Home"), JP MORGAN CHASE HOME FINANCE ("Chase Finance") and JPMC SPECIALTY MORTGAGE LLC, FORMERLY KNOWN AS WM SPECIALTY MORTGAGE LLC ("JPM" collectively "Defendants").

Plaintiff's Complaint for Damages (Verified) ("Complaint") filed on June 7, 2013 is against Defendant Chase Bank and its affiliates and "third-party service providers" namely Defendants Chase Home, JPM and Chase Finance for numerous claims including but not limited to serious violations of State and Federal laws that govern their mortgage loan servicing and illegal foreclosure sales practices.

Plaintiff's Complaint, while general in nature, complies with the pleading requirements pursuant to Rule 8 of the Federal Rules of Civil Procedure ("FRCP") and is sufficient to withstand Defendants' Motion, additionally, this Opposition in response to their Motion is sufficient to withstand their argument as to each Cause of Action pled in the Complaint. Accordingly, Defendants' Motion should be denied in its entirety, however, if the Court grants their Motion, Plaintiff request leave to amend his Complaint to provide more specificity as specifically ordered by the Court.

### II.
### STATEMENT OF UNDISPUTED FACTUAL ISSUES ON MERIT

1) The faulty Assignment of Deed of Trust ("Assignment") recorded on May 12, 2006 attached as Exhibit D to the Complaint shows Dana A. Rosas, Authorized Agent executed the Assignment on May 8, 2006 on behalf Argent Mortgage Company, LLC ("Argent"), by AMC Mortgage Services Inc. ("AMC"), as Authorized Agent, however, attached as Exhibit E to the Complaint the Substitution of Trustee ("Substitution") recorded on December 5, 2006 with the Riverside County Recorder, which was tampered with to show the "effective 10/15/2006" date reflects Ms. Rosas, Authorized Agent executed the Substitution on October 23, 2006 under her employment contract with Deutsche Bank National Trust Company.

2) Three days later as Authorized Agent for Argent by AMC, Ms. Rosas executed on October 27, 2006 the Assignment, which was recorded on December 6, 2006 with the Contra Costa County

Recorder's Office that is attached as Exhibit F to Plaintiff's Complaint that bears the same tampered "effective 10/15/2006" date.

3) Under the Superior Court of California, Contra Costa County, Martinez-Case No.: C10-02022 as Plaintiff indicated in ¶ 33 of his Complaint that CAL-WESTERN RECONVEYANCE CORPORATION ("Cal-Western") on December 2, 2010 produced the unrecorded Assignment and Substitution that does not reflect the "effective 10/15/2006" date, which are attached respectively as Exhibit 1 and 2 to Plaintiff's Request for Judicial Notice ("RJN") filed concurrently with this Opposition.

4) The defective Notice of Default and Election to Sell Under Deed of Trust ("NOD") recorded on October 16, 2006 attached as Exhibit I to the Complaint reflects Argent as Beneficiary, which Plaintiff properly pled that Argent never entered into a contractual relationship with Defendants Chase Bank or Chase Home as Mortgage Loan Servicers (see Exhibit S attached to the Complaint) for the purpose to commence foreclosure sales proceeding on Plaintiff's property under the NOD.

5) As mandated pursuant to California Civil Code §§ 2923.5, 2923.52-55 and 2924 the defective NOD is missing the Declaration of Compliance ("Compliance"), the Compliance executed on May 8, 2010 by an unknown individual on behalf of Defendant Chase Home and the Exhibit attached to the Notice of Trustee's Sale ("NOT") recorded on May 27, 2010 (see Exhibit Q attached to the Complaint) provides the Court with undisputed facts that Ann Thorn as First Vice President executed the undated Exhibit on behalf of Defendant Chase Home as Mortgage Loan Servicer.

6) The Compliance attached to the NOT (see Exhibit Q to the Complaint) evidence Defendant Chase Bank never attempted as "mortgagee, beneficiary or authorized agent" to contact Plaintiff to discuss his financial situation and to explore options to avoid foreclosure as required under California Civil Code § 2923.5.

7) Defendant Chase Bank and its affiliates and "third-party service providers handling foreclosure-related services" and their real estate agents' own pleadings bear witness against them in that the Trustee's Deed Upon Sale recorded on February 22, 2011 attached as Exhibit O to Plaintiff's Complaint, the NOT attached to the Complaint as Exhibit Q and Coldwell Banker Residential Brokerage Company's ("Coldwell Banker") Important Notice Regarding Your Occupancy of the Property (This is not a Notice to Vacate) ("Notice") attached as Exhibit S to the Complaint provides undisputed facts that Defendant Cal-Western as Trustee performed the illegal foreclosure sale of Plaintiff's property on February 4, 2011 under the defective NOD.

8) Defendant Coldwell Banker's Notice dated February 7, 2011 attached as Exhibit S to the Complaint evidence Defendant Chase Home as Mortgage Loan Servicer "completed a foreclosure proceeding" on Plaintiff's property instead of Defendant Chase Bank prior to Defendant Chase Home's merger with and into Defendant Chase Bank on May 2011 (see Exhibit T to the Complaint).

9) Commencing with Page 2 of Defendant Chase Bank's Memorandum of Points and Authorities ("Memorandum") it is obvious Defendants' primary intentions were to attack the defective NOD, however, while Defendant Chase Bank ruthlessly bombarded Plaintiff as to the defective NOD, Defendant Chase Bank by their own admission states "the Subject Property was sold at public auction on February 4, 2011, which was memorialized by a Trustee's Deed Upon Sale ("TDUS") recorded on February 22, 2011" (see Exhibit O to the Complaint). The Trustee's Deed Upon Sale reflects that Defendant Cal-Western as Trustee "pursuant to the Notice of Default recorded October 16, 2006" performed all duties required by the Deed.

10) On Page 12 of Defendant Chase Bank's Memorandum commencing with Paragraph VIII, Counsel practically used profanity to describe how it is impossible for Defendant Chase Bank to violate California Civil Code §§ 2923.5, 2923.52-55 and 2924 since these statutes "did not exist at the time the Notice of Default was recorded", which evidence the illegal foreclosure sale wasn't conducted in strict compliance with California Civil Code §§ 2923.5 and 2924. Pursuant to § 2924 without a valid NOD Defendant Cal-Western couldn't have legally performed "all duties required by said Deed of Trust".

11) California Civil Code § 2924(a) specifically states "the trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default", which as Plaintiff calls to the Court's attention later that Defendant Chase Bank's claim of "res judicata as to JPMC Specialty Mortgage LLC based upon judgment" is defeated.

12) Page 2 of the defective NOD (see Exhibit I to the Complaint) Defendant Cal-Western used to conduct the illegal foreclosure sale of Plaintiff's property states "the present beneficiary under such Deed of Trust *has deposited* with said trustee such Deed of Trust and all documents evidencing obligations secured thereby", which is absurd since Argent is shown on the NOD as Beneficiary and as evidenced Argent never contracted with Defendants Chase Bank and Chase Home as Servicer neither Defendant Cal-Western as Trustee for the purpose to conduct the illegal foreclosure sale of Plaintiff's property under the defective NOD.

13) Ms Price as Vice President for Argent by AMC didn't execute the faulty Assignment until

October 27, 2006 (see Exhibit F to the Complaint), therefore, it is impossible for Defendant JPM as Beneficiary to have *"deposited with said trustee such Deed of Trust and all documents"*.

## IV.
## LEGAL ARGUMENT

### A.    STANDARD OF REVIEW

Rule 8 of the FRCP requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To satisfy this requirement, the statement must provide Defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swiekiewicz v. Sorema,* 534 U.S. 506, 511 (2002) (internal citations omitted); see also *Christopher v. Harbury,* 536 U.S. 403, 416 (2002) (the elements of plaintiff's claims "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Rule 12(b)(6) of FRCP allows dismissal only if Plaintiff fails "to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007), 552 U.S. 1182 (2008) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004); see also *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003). A Court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina,* 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (quoting *Twombly,* 127, S.Ct. at 1965); see also *Ashcroft v. Iqbal,* U.S. 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (reiterating that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" and only when pleadings are supported "by well-pleaded factual allegations," should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.")

### B.    The Trustee Sale Conducted by Defendant Cal-Western is VOID, because Defendant Cal-Western had no Power to Sell Plaintiff's Property

By statute the Legislature has permitted the Beneficiary of Deed to substitute in, at any time, a new Trustee for the existing Trustee. Under the governing statute the Substitution requirement is met

simply by recording a legally executed and acknowledged document evidencing the substitution of Trustee. (California Civil Code § 2934(a)(1) subd. (a).) By its terms the statute provides that after such substitution has been recorded, "the new trustee shall succeed to all the powers, duties, authority, and title granted and delegated to the trustee named in the deed of trust." (California Civil Code § 2934(a)(4).)

As indicated Plaintiff pled in his Complaint commencing with ¶ 10 Argent is the Beneficiary and TOWN AND COUNTRY TITLE SERVICES, INC. ("TCT") is the Trustee as shown on the Deed of Trust ("Deed") and the defective NOD recorded on October 16, 2006 attached as Exhibit I to the Complaint indicates Argent substituted in Defendant Cal-Western as Trustee.

Commencing with ¶ 43 of his Complaint, although Plaintiff pled that Argent allegedly granted, assigned and transferred all of its beneficial interest under the Deed to Defendant JPM as Beneficiary as evidenced in the faulty Assignment recorded on May 12, 2006 (see Exhibit D to the Complaint), Plaintiff calls to the Court's attention that Ms. Rosas executed the Assignment on May 8, 2006 as Authorized Agent on behalf Argent by AMC, however, prior to or around the time of recordation of the faulty Assignment the Recorder's electronic journal reflects that Argent neither Defendant JPM caused the required Substitution to be recorded to show TCT had been substituted out as Trustee.

The defective NOD recorded on October 16, 2006 shows Argent as Beneficiary instead of Defendant JPM and that Defendant Cal-Western as Trustee is shown on behalf of Argent, additionally, the faulty Assignment and Substitution attached respectively as Exhibit F and G to the Complaint were recorded on December 6, 2006 approximately two months after recordation of the NOD. Plaintiff reiterates here that Ms. Rosas executed on May 8, 2006 the faulty Assignment attached as Exhibit D to the Complaint as Authorized Agent for Argent by AMC, she executed on October 23, 2006 the Substitution that show the tampered "effective 10/15/2006" date, which is attached as Exhibit E to Plaintiff's Complaint as Authorized Agent for Deutsche Bank National Trust Company, however, three days later on October 27, 2006, Ms. Rosas as Authorized Agent for Argent by AMC executed another Assignment on October 27, 2006 that also shows the tampered "effective 10/15/2006" date that is attached to the Complaint as Exhibit F.

After review of Defendant Chase Bank's mix-matched Memorandum and RJN, the Court discern that Defendant Chase Bank primary intentions are to swindle Plaintiff into a wild fishing expedition, however, the bottom line is Defendants Chase Bank and Chase Home as Servicer lack standing to pose

1  as Argent's Servicer, therefore, since Defendant Cal-Western was never legally substituted in as

2  Trustee by Defendants JPM as Beneficiary it is evident Defendant Cal-Western lack standing to

3  conduct the illegal foreclosure sale of Plaintiff's property under the defective NOD.

**C.     Defendant Chase Bank's Illegal Foreclosure Sale of Plaintiff's Property is VOID, because the Purported Transfer of the Deed of Trust is VOID**

The Motion to Dismiss of RUTHIE B. HILLERY, et al. ("Defendants") filed in this Court, the

United States District Court, Northern District of California, San Francisco Division-Case No.: C08-

04357EMC, the Honorable Edward M. Chen ruled on December 9, 2008 as follow:

> "[C]onsumer itself acknowledges, to proceed with this action, it must demonstrate
> that it is the holder of not only the deed of trust but also the promissory note. If not, it
> has no injury in fact. See In re Foreclosure Cases, 521 f. Supp. 2d 650, 653 (S.D. Oh.
> 2007) (stating that, [t]o show standing in a foreclosure action,...the plaintiff must
> show that it is the holder of the note and mortgage at the time the complaint was filed
> [and]...that the holder of the note and mortgage is harmed, usually by not having
> received payments on the note.) However, for there to be a valid assignment, there
> must be more than just assignment of the deed alone; the note must also be assigned.
> See *Carpenter v. Longan*, 83 U.S. 271, 274 (1872) (stating that [t]he note and
> mortgage are inseparable; the former as essential, the latter as an incident"; adding
> that "[a]n assignment of the note carries the mortgage with it, while an assignment of
> the latter alone is a nullity"); *In re Leisure Time Sports, Inc.* 194 B.R. 859, 861 (9th
> Cir.Bap 1996) In their motion to dismiss, Defendants further argue for dismissal
> based on failure to join an indispensable party. At this juncture, the Court cannot
> make any determination about joinder because it is not clear who currently owns the
> promissory note at issue. The bottom line is that if, as Consumer claimed at the
> hearing on the motion to dismiss, it currently owns the promissory note, then there
> will likely be no joinder problem. (stating that "[a] security interest cannot exist,
> much less be transferred, independent from the obligation which it secures" and that,
> "[i]f the debt is not transferred, neither is the security interest"); Kelley v. Upshaw, 39
> Cal. 2d 179, 192 (1952) (stating that assigning only the deed without transfer of the
> promissory note is completely ineffective); see also Restatement (3d) of Property
> (Mortgages) § 5.4 (stating that "[a] mortgage may be enforced only by, or in behalf
> of, a person who is entitled to enforce the obligation that the mortgage secures")
> (emphasis added). As Kelley establishes, this is true under California law which
> presumably applies here. As noted above, MERS purportedly assigned both the deed
> of trust and the promissory note to Consumer. See Compl., Ex. D (assignment,
> recorded on 7/21/08. However, there is no evidence of record that establishes that
> MERS either held the promissory note or was given the authority by New Century to
> assign the note. Indeed, Consumer's own complaint contains only an allegation about
> assignment of the deed of trust – and not the note. See Compl. ¶ 17 (alleging that
> "New Century assigned its beneficial interest of the Deed of Trust to Plaintiff
> Consumer Solutions"). Accordingly, the Court concludes that there is insufficient

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

evidence that Consumer has standing to proceed with this litigation. Dismissal is therefore warranted…"

## IV.
## STANDING

As evidenced herein and according to the Complaint commencing with ¶ 43 Plaintiff contends that the faulty Assignment attached respectively as Exhibit D and F to the Complaint reflects that Argent never legally executed or granted, assigned and transferred all of its beneficial interest under the Deed attached as Exhibit C to the Complaint with power of sale to Defendant JPM as Beneficiary, therefore, Defendant JPM never had standing to enter into a contractual relationship with Defendants Chase Bank and Chase Home as Servicer or Defendant Cal-Western as Trustee.

Paragraph F-Plaintiff Cannot State a Claim for Misrepresentation of Defendant Cal-Western's Memorandum filed on October 29, 2010 in the Superior Court of California, Contra Costa County, Martinez-Case No.: C10-02022, which Plaintiff shall be prepared to present a true and correct copy of at the subject motion hearing indicates Defendant Cal-Western identified Defendant Chase Home "as the servicer" as defined in the NOT attached as Exhibit Q to Plaintiff's Complaint, however, Defendant Coldwell Banker's Notice attached as Exhibit S to the Complaint evidence Defendant Chase Bank as servicer "completed a foreclosure proceeding" on Plaintiff's property.

Similar to Judge Chen's ruling in Hillery "both Consumer and Saxon lack standing to pursue this litigation" Plaintiff likewise contends Defendants Chase Bank and Chase Home as Servicer and Defendant JPM as Beneficiary lack standing to appear and defend this litigation as evidence in the defective NOD attached as Exhibit I to Plaintiff's Complaint, which provides undisputed facts that Argent never employed or contracted with either Defendant to perform on its behalf under the NOD.

Plaintiff reiterates here that Defendant Coldwell Banker's Notice attached as Exhibit S to the Complaint evidence Defendant Chase Bank "completed a foreclosure proceed" on Plaintiff's property, however, the Compliance and the Exhibit attached to the NOT as Exhibit Q to Plaintiff Complaint provides evidentiary facts that Defendant Chase Home executed the Compliance and Exhibit, and that Defendant Chase Bank never attempted as "mortgagee, beneficiary or authorized" to contact Plaintiff to discuss his financial situation and to explore options to avoid foreclosure as mandated pursuant to California Civil Code §§ 2923.5, 2923.52-55 and 2924.

The defective NOD doesn't comply with the strict mandates under §§ 2923.5 and 2924, therefore, without a valid recorded NOD, the NOT obviously fail in that it requires Defendant Chase Bank to perform its due diligence obligations as prescribed under California Civil Code §§ 2923.5,

2923.52-55 and 2924.

As evidenced in the Certificate Of No Record and the Certificate of Status attached as Exhibit B to the Complaint even if Defendants Chase Home as Servicer and JPM as Beneficiary escape the facts that each continue to "transact intrastate business" in this State in violation of California Corporation Code §§ 17050, 17051 and 17456, Defendants Chase Bank, Chase Home and JPM must still be held accountable for their violations of the RESPA 12 U.S.C. §§ 2601 and 2605 et seq. and California Civil Code § 2932.5 and their other violations.

California Civil Code § 2932.5 states in pertinent parts:

> "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

As indicated in ¶ 1-7 of this Opposition the faulty Assignment and Substitution attached respectively as Exhibit F and G to the Complaint were recorded on December 6, 2006 approximately two months after recordation of the defective NOD was recorded on October 16, 2006 that shows Argent as Beneficiary, Plaintiff's Complaint commencing with ¶ 43 raise serious doubt as to whether Defendant JPM as Beneficiary ever possessed a legally executed, acknowledged and recorded Assignment and Substitution.

Pursuant to Rule 201 of the Federal Rules of Evidence on July 25, 2013, Plaintiff filed his RJN concurrently with his Opposition to Defendant Coldwell Banker's Motion on calendar for September 5, 2013, which Plaintiff will obviously not learn of the Court's ruling prior to meeting his August 27, 2013 deadline to oppose Defendant Chase Bank's Motion and object to their RJN, therefore, Plaintiff in objection to Defendant Chase Bank's RJN files his RJN concurrently with this Opposition requesting that the Court take judicial notice of the evidentiary fact that may duplicate, in whole or in part, his RJN filed on July 25, 2013.

As expected Counsel for Defendant Chase Bank belittled and bombarded Plaintiff with their moving pleadings that clearly shows their primary target was to execute defensive strategies to mortify the OCC's Consent Order attached as Exhibit A, the Certificate of Status and Certificate Of No Record attached as Exhibit B, the Assignment attached respectively as Exhibit D and F, the Substitution attached respectively as Exhibit E and G, the Deposition of Tamara Price attached as Exhibit H and the defective NOD attached as Exhibit I to Plaintiff's Complaint, however, Counsel failed terribly in their

desperate efforts in that Defendant Chase Bank Motion was filed pursuant to FRCP Rule "12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted." Before the Court are issues that fall under Rule 12(b)(6) that involves whether Plaintiff is entitled to offer evidence to support the claims advanced in his complaint and if he will ultimately prevail. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins,* 568 F.3d at 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Igbal,* 129 S. Ct. 1937. 1949 (2009); see also *Bell Atl. Corp. v. Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully.

It is overwhelmingly evident Defendant Chase Bank violated the Consent Order; California Civil Code §§ 2923.5, 2923.52-55 and 2924 and acted unlawfully in their violation of RESPA 12 U.S.C. §§ 2601 and 2605 et seq. Additionally, while Counsel for Defendant Chase Bank utilized legal maneuvers and manipulative tactics to mortify Ms. Price's testimonies in the Deposition as Vice President and to persuade the Court to believe in the authenticity of the faulty Assignment and Substitution attached respectively as Exhibit F and G to the Complaint, Plaintiff clearly established that fraud or at least malfeasance is evident in that commencing with ¶ 56 of the Complaint together with Exhibit N the Limited Power of Attorney supports Plaintiff's claim that the faulty Assignment and Substitution are felonious and weren't legally executed, acknowledged or recorded.

Approximately two months after recordation on October 16, 2006 of the defective NOD, Ms. Price executed on October 27, 2006 as Vice President of Argent by AMC the faulty Assignment and Substitution, however, in addition to her testimony in the Deposition that evidence AMC gave her signing authority as Vice President "as of February 26, 2007", the Limited Power of Attorney reflects that Argent didn't appoint AMC as it Attorney-in Fact until March 14, 2007, therefore, even if Defendant Chase Bank prevail in mortifying the Deposition, the Limited Power of Attorney bears undisputed facts that fraud or at least malfeasance is evident.

Furthermore, consistent with ¶ 60 of the Complaint attached as Exhibit P is the Decision & Order Index No.: 3724/07 entered on December 21, 2007 by the Clerk of the Supreme Court of the State of New York in Deutsche Bank National Trust Company vs. Reina Ezagui, et al., which the Honorable Arthur M. Schack, J.S.C. indicated his primary concerns as to Ms. Price's signing of

1   Affidavits and Assignments on or about February 7, 2007 and February 16, 2007 as Vice President of

2   Deutsche Bank and AMC. The NOD recorded on October 16, 2006 attached as Exhibit I to the

3   Complaint reflects Argent as Beneficiary and the faulty Assignment and Substitution attached

4   respectively as Exhibit F and G evidence fraud or at least malfeasance, which is supported by the

5   unrecorded Assignment attached as Exhibit 1 to Plaintiff's RJN and the unrecorded and Substitution

6   attached as Exhibit 2 to Plaintiff's RJN that were produced on December 2, 2010 by Defendant Cal-
    Western.

7       Attached as Exhibit 3 to Plaintiff's RJN is the Limited Power of Attorney; attached as Exhibit 4

8   to Plaintiff's RJN is the Decision & Order Index No.: 3724/07 of Justice Schack and attached as

9   Exhibit 5 to his RJN is FIRST AMERICAN TITLE INSURANCE COMPANY's ("FATCO")

10  Foreclosure Title Policy ("Policy") dated October 16, 2006 that reflects Policy and Commitment No.:

11  3121351 was issued to Defendant Cal-Western as the Policy Insured and Defendant JPM as

12  Commitment Insured. Schedule A, Item 9 of FATCO's Policy indicates Argent as Beneficiary and

13  TCT as Trustee, which further supports Plaintiff's claim of fraud or at least malfeasance and that the

14  faulty Assignment and Substitution were tampered with to reflect the "effective 10/15/2006" date.

15      Schedule A, Item 9-Note 3 of FATCO's Policy provide sufficient evidence that FATCO

16  informed Defendant Cal-Western that Argent by AMC executed the "ASSIGNMENT OF DEED OF

17  TRUST" recorded on May 12, 2006 attached as Exhibit D to Plaintiff's Complaint, however, FATCO

18  provides no evidence as to a legally executed and recorded Substitution substituting in Defendant Cal-
    Western as Trustee instead of TCT.

19      Schedule A, Item 9-Note 5 of FATCO's Policy reflects FATCO informed Defendant Cal-

20  Western that "THE TRUSTEE NAMED AS THE ASSURED ON THIS TRUSTEE'S SALE

21  GUARANTEE DOES NOT APPEAR TO BE THE TRUSTEE OF RECORD", which is obvious since

22  TCT is reflected on the Policy and the Assignment recorded on May 12, 2006 as Trustee.

23      The defective NOD is no longer an issue to Defendant Chase Bank since by their own admission

24  in Paragraph VIII of their Memorandum Defendant Chase Bank admits "The subject Notice of Default

25  upon which the Trustee's Sale was conducted was recorded on October, 16, 2006." Incidentally,

26  Plaintiff calls Paragraph IX of Defendant Chase Bank's Memorandum to the Court's attention that

27  Defendant Chase Bank terribly failed to mortify the Substitution attached respectively as Exhibit E and

28  G to the Complaint, which provides undisputed factual evidence that the two Substitutions bear the

    same "effective 10/15/2006" date, but were recorded in two different Counties. Even further, the

unrecorded Assignment and Substitution that does not bear the "effective 10/15/2006" attached as Exhibit 1 and 2 to Plaintiff's RJN provides sufficient evidence that the recorded faulty Assignment and Substitution attached respectively as Exhibit F and G to Plaintiff's Complaint supports Plaintiff's claim of fraud or at least malfeasance and violation of California Penal Code § 115.

As indicated in Paragraph IX their Memorandum Defendant Chase Bank has the burden of proof and must explain to the Court why Plaintiff's contentions lack merit and why the acts and conduct of Ms. Price as Vice President for Argent by AMC as Attorney-in Fact does not constitute violation of California Penal Code § 115 when the Power of Attorney wasn't in force until March 14, 2007.

Plaintiff is more than just a Pro Se litigant, he is a victimize homeowner like hundreds of other homeowners who were fleeced out of their property as a direct result of Defendant Chase Bank and its affiliates "unsafe or unsound" banking, mortgage loan servicing and illegal foreclosure sale practices, it is well established that he is not licensed to practice law, Plaintiff is not an attorney and neither does he pretends to be one, the point here is through inadvertence and oversight commencing with ¶ 10 of his Complaint Plaintiff asserted that the Promissory Note ("Note") was recorded with the Deed, which was recorded on August 15, 2005 with the Recorder, however, the Note was never recorded, it is Plaintiff's belief and he thereon alleges that the original Note was never granted, assigned or transferred.

The Deed and the Note have gone in their separate ways, one without the other, therefore, Defendant JPM as Beneficiary can present no infallible proof as the Note Holder, without the Note Defendant JPM as Beneficiary lack standing to contract with Defendants Chase Bank and Chase Home as Servicer to complete a "foreclosure proceeding" on Plaintiff's property as indicated by Defendant Coldwell Banker's Notice attached as Exhibit S to the Complaint. If Defendant JPM as Beneficiary never had standing as the Holder, then Defendants Chase Bank and Chase Home as Servicer cannot maintain this action without the Holder of the Note. See *In Re Kang Jin Hwang*, 393 B.R. 701, 712 (C.D. Cal.2008)

Judge Chen stated for the record in Hillery-Case No.: C08-04357EMC that "for there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned. See *Carpenter v. Longan*, 83 U.S. 271, 274 (1872) (stating that [t]he note and mortgage are inseparable; the former as essential, the latter as an incident"; adding that "[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.")

## V.
## COMPLAINT FOR UNLAWFUL DETAINER

The Court erred terribly in the Superior Court of California, Contra Costa County, Pittsburg-Case No.: PS11-0418 designated JPMC Specialty Mortgage LLC fka WM Specialty Mortgage LLC v.

Edward C. Tidwell, Plaintiff as the Defendant in this unlawful detainer eviction proceeding begged your Honor, Commissioner Lowell Richards to please take judicial notice and give the most earnest heed to his Answer and related pleadings filed in defense of the unlawful detainer matter. Plaintiff filed so much supporting evidence that Commissioner Richards referred to the documents contained in the Court's file as "voluminous", however, Plaintiff was not offended or discouraged.

Plaintiff call to this Court's attention that on his April 15, 211 appearance Plaintiff as Defendant in the subject action alerted Commissioner Richards that JPM lack standing commence or maintain the action in violation of California Corporation Code §§ 17050, 17051 and 17456, additionally, Plaintiff pointed out that the imposter, John DuBois, Esq. was appearing as "attorney of record" for JPM instead of Randall D. Naiman, Esq. or a legal representative from the Naiman Law Group, PC. The Court totally disregarded Plaintiff argument that Mr. DuBois and the Naiman firm never executed a Substitution of Attorney substituting in Mr. DuBois as Counsel for JPM.

Mr. DuBois informed the Court that JPM "will not be proceeding with the case at this time" afterward he was done, Mr. DuBois never showed in Court again. As best as Plaintiff recall on the following calendared hearing Remsen C. Bernard, Esq. appeared on behalf of JPM, and Plaintiff again insisted on seeing on record a Substitution of Attorney authorizing Mr. Bernard to appear as Counsel for JPM, however, Plaintiff's argument was disallowed by Commissioner Richards.

In addition to JPM lack of authority to bring the unlawful detainer complaint in violation of California Corporation Code §§ 17050, 17051 and 17456, the unlawful detainer proceeding should have been completely disposed and dismissed with or without prejudice since JPM solely commenced the action on March 8, 2011, but afterwards granted and conveyed its legal rights under the Trustee's Deed Upon Sale over to Homesales, Inc. ("Homesales") on April 25, 2011.

The unlawful detainer Court should never have allowed the case to move forward, the Summary Judgment in favor of JPM was granted in error on November 4, 2011, the Writ of Execution issued on November 8, 2011 in favor of JPM attached as Exhibit 2 to Plaintiff's RJN filed on July 25, 2013 in this action should never have been issued, Plaintiff filed on November 10, 2011 his Petition for Stay of Execution that was granted through November 27, 2011. The Contra Costa County Sheriff's Department never processed the Writ of Execution, because JPM lack standing to enforce the Writ of Execution. After granting and conveying on April 25, 2011 all of JPM's beneficial interest over to Homesales, Homesales was at the helm and as reflected on the Pittsburg Court's Register of Action Counsel never substituted Homesales in as a party to the unlawful detainer proceeding, therefore,

1    Defendant Chase Bank's erroneous claim of res judicata is without legal foundation and must be

2    disallowed.

3                                    **VI.**
                                **CAUSE OF ACTION**

4    **1.    Plaintiff has Properly Pled His First Cause of Action for Violation of 12 U.S.C. §§ 1813(g)**
5         **and 1818(b)**

6         Counsel for Defendant Chase Bank and its affiliates and "third-party service providers" namely

7    Defendants Chase Home, Chase Finance and JPM really drifted into hibernating mode while drafting

8    their Memorandum on this issue, Plaintiff reiterate here that he more than just a Pro Se litigant, he is a

9    victimize homeowner like hundreds of other homeowners who were fleeced out of their property as a

10   direct result of Defendant Chase Bank's "unsafe or unsound" banking, mortgage loan servicing and

11   illegal foreclosure sale practices, which prompted the OCC to issue the Consent Order that expose

12   Defendant Chase Bank's wrong.

13        At issue before the Court is Defendant Chase Bank's Motion pursuant to FRCP Rule 12(b)(6)

14   and not the issue as to whether Plaintiff will ultimately prevail in this properly pled cause, but rather if

15   he is entitled to offer evidence to support the claims advanced in his Complaint. (*Scheuer v. Rhodes,*

16   416 U.S. 232, 236 (1974) Plaintiff successfully accomplished this task with the help of Article I-

17   Comptroller's Findings in the Consent Order attached as Exhibit A to the Complaint that provides

18   sufficient evidence to place Defendant Chase Bank and its affiliates at the scene of the crime, the illegal

19   foreclosure sale of Plaintiff's property.

20   **2.  Plaintiff has Properly Pled His Second Cause of Action for Violation of 12 U.S.C. §§ 2601 and**
     **2605 ET SEQ.**

21        On July 5, 2012, Plaintiff sent a Qualified Written Request ("QWR") to Defendants Chase Bank

22   and Chase Home that met RESPA's QWR requirement identifying the loan, and stating reasons that

23   Plaintiff believed the account was in error and that the foreclosure was illegal, which Plaintiff

24   specifically requested information and documentation from Defendants Chase Bank and Chase Home.

25        Plaintiff argues that Defendants Chase Bank and Chase Home violated RESPA by failing to

26   meet its disclosure requirements and failing to respond to the QWR within twenty (21) business days

27   from the date Defendants Chase Bank and Chase Home received the QWR on July 9, 2012. (see ¶ 124

28   of the Complaint) Defendants Chase Bank and Chase Home argues that "Entirely missing from the

     Complaint is a copy of the QWR", which Defendants argues Plaintiff failed to attach a copy.

RESPA 12 U.S.C. 2605(e)(1) defines a QWR as written correspondence that identifies the name and account of the borrower and includes a statement of reasons the borrower believes the account is in error or provide sufficient details regarding other information sought.  Defendants Chase Bank and Chase Home argues that Plaintiff failed to present a timely QWR and that "A QWR requests information relating to the servicing of the loan", Defendants Chase Bank and Chase Home further argues that "A QWR should include statements identifying the reasons" why Plaintiff believes his account is in error.  Plaintiff's QWR identified his name and loan number and included a statement of reasons for Plaintiff's belief that the loan was in error, which on March 10, 2010 in the United States District Court for the Eastern District of California-Case No.: 09-2081LKK/EFB, Craig Ohlendorf v. American Home Mortgage Servicing, et al. ("AHMSI"), the Honorable Lawrence K. Karlton Ordered that "This is a sufficient allegation of a violation of 12 U.S.C. 2605(e).  Further, a plaintiff need not attach a QWR to a complaint to plead a violation of RESPA for failure to respond to a QWR."

RESPA 12 U.S.C. Section 2605(e)(1)(A) requires only that a QWR be received by a servicer, enable the servicer to identify the name and account, and include a statement of reasons for Plaintiff's belief that the account is in error or provide sufficient details regarding other information sought. Accordingly, Plaintiff has stated a claim against Defendants Chase Bank and Chase Home for violation of RESPA in failing to respond to a QWR within twenty (21) business days from July 9, 2012, in addition to their failure to resolve the matter within sixty (60) business days from July 9, 2012.

Defendants Chase Bank and Chase Home's RESPA violations are evident in Lashon Harris, Esq., correspondence dated February 26, 2013, which is attached as Exhibit K to the Complaint that supports Plaintiff's claim that Defendants Chase Bank and Chase Home defaulted on their obligations to provide a timely response to the QWR correspondence.

Although Judge Karlton ruled that Plaintiff Ohlendorf's QWR statement to AHMSI regarding his loan was sufficient to allege "violation of 12 U.S.C. 2605(e) and that Plaintiff Ohlendorf "need not attached a QWR" to his Complaint, out of the abundance of precaution as indicated in his Complaint commencing with ¶ 83-90 attached as Exhibit 6 to Plaintiff's RJN filed in support of this Opposition is his electronic version of the Independent Foreclosure Review ("Review") submitted on June 22, 2012 that is akin to Article VII-Foreclosure Review of the Consent Order, which according to Page 2 of the Review is the "Qualified written request instructions" and as indicated in his Complaint commencing with ¶ 122-140 attached as Exhibit 7 to Plaintiff's RJN is his QWR correspondence dated July 5, 2012 to Defendants Chase Bank and Chase Home.

Plaintiff respectfully request that the Court consider and take judicial notice that even if the styling of his QWR fail in compliance with RESPA 12 U.S.C. Section 2605(e)(1), Defendants Chase Bank and Chase Home does not dispute having received the QWR on July 9, 2012, and that it is evident according to Ms. Harris' correspondence dated February 26, 2013 that Defendants Chase Bank and Chase Home defaulted in their failure to respond in violation of RESPA.

## 3. Plaintiff has Properly Pled His Third Cause of Action for Violation of California Civil Code §§ 2923.5, 2923.52-55 and 2924

In addition to their default as to the QWR, Defendants Chase Bank and Chase Home as Servicer, Defendant JPM as Beneficiary and Defendant Cal-Western as Trustee failed to give proper notice of a valid NOD as mandated under California Civil Code § 2923.5.

California's non-judicial foreclosure process, California Civil Code § 2924, establishes an exhaustive set of requirements for non-judicial foreclosure, and the production of the Note is not one of these requirements. *Champlaie*, 2009 WL 3429622 at *13. Accordingly, possession of the Note is not a prerequisite to non-judicial foreclosure in that a party may validly own a beneficial interest in a Note or Deed without possession of the Note itself, although, of course, Defendants Chase Bank and Chase Home as Servicer, Defendant JPM as Beneficiary and Defendant Cal-Western as Trustee must prove that they have the right to foreclose, which is impossible since the NOD, Assignment, Substitution and NOT are defective, faulty and invalid.

While California Civil Code § 2934 may not require recordation of an Assignment prior to recording a NOD, the process of recording an Assignment and Substitution such as in this litigation backdated with the "effective 10/15/2006" dates is improper, and thereby taint the NOD causing it to be defective. The evidentiary documentation in support of Plaintiff's Complaint and his supporting pleadings clearly demonstrates that the faulty Assignment and Substitution attached respectively as Exhibit F and G to the Complaint and as Exhibit 1 and 2 to Plaintiff's RJN are invalid, in addition to the defective NOD (Exhibit I) and the NOT attached as Exhibit Q to the Complaint.

Plaintiff has properly stated a claim that Defendants Chase Bank and Chase Home as Servicer, Defendant JPM as Beneficiary and Defendant Cal-Western as Trustee lack standing to conduct illegal foreclosure sale in that Defendants Chase Bank and Chase Home have admitted in their own Memorandum that the defective NOD was recorded prior to enactment around July 2008 of California Civil Code § 2923.5, therefore, it is evident Defendants lacked legal authority to foreclose on Plaintiff's property.

California Civil Code § 2924 states in pertinent parts:

"(a) the trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default"

## 4. Plaintiff has Properly Pled His Fourth Cause of Action for Violation of California Penal Code § 115

After the illegal foreclosure sale on February 4, 2011, Defendant Chase Bank and its affiliates, agents, and "third-party service providers" namely Defendant Chase Home as Servicer, Defendant JPM as Beneficiary and Defendant Cal-Western as Trustee filed and recorded or caused to be filed and recorded in State and Federal Courts and Recorder's Offices the Trustee's Deed Upon Sale recorded on February 22, 2011 attached as Exhibit O to Plaintiff's Complaint.

Further to fortify Plaintiff's claim of violation of California Penal Code § 115 against Defendants Chase Bank and Chase Home as Servicer, Defendant JPM as Beneficiary and Defendant Cal-Western as Trustee, the Contra Costa County Assessor's Office ("Assessor") electronic data journal of July 29, 2013 reflects that Defendant Chase Bank's affiliate Defendant JPM granted the Trustee's Deed Upon Sale on April 25, 2011 to Homesales, Inc. ("Homesales"), which as supporting evidence Plaintiff attached as Exhibit 8 to his RJN the Assessor's Property Detail showing under Sales History that the Recorder's recordation number DOC-2011-0038938-00 was assigned to Trustee's Deed Upon Sale and recordation number DOC-2011-0083175-00 was assigned to the Grant Deed bearing that Defendant JPM granted Plaintiff's property "For a valuable consideration, do/does hereby grant to HOMESALES, INC.")

After recordation of the Grant Deed on April 25, 2011, FATCO was instructed to mail the instrument to Defendant Chase Bank, who according to their Certificate of Interested Entities of Parties (FRCP Rule 7.1), Counsel for Defendant Chase Bank states "JPMorgan Chase Bank, N.A., for itself, erroneously sued as JP Chase Home Finance".

## 5. Plaintiff has Properly Pled His Fifth Cause of Action for Misrepresentation

Although Plaintiff has properly pled his Fifth Cause of Action upon amendment of his Complaint Plaintiff will abandon this cause, however, it is likely Plaintiff will consolidate and plead a cause for Fraud and Deceit, Negligence and Intentional Misrepresentation.

## 6. Plaintiff has Properly Pled His Sixth Cause of Action for Unfair Business Practices and Violation of California Business and Professions Code §§ 17200-17210

This State's unfair competition statute prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 (2009). Because § 17200 is written in the

1

disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices,

2

(2) unfair acts or practices, and (3) fraudulent acts or practices. *Cel-Tech Commc'ns, Inc. v. Los*

3

*Angeles Cellular Tel. Co.*, 83 Cal. Rptr. 2d 548, 561 (Cal. 1999). By proscribing "unlawful" acts or

4

practices, "Section 17200 'borrows' violations of other laws and treats them as unlawful practices

5

independently actionable."

6

When an action is brought by a consumer against the creditor, as is the case here, a broader

7

definition of the word "unfair" applies than when an action is between direct competitors. In this

8

context, an "unfair" business practice occurs "when it offends an established public policy or when the

9

practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." See

10

*People v. Casa Blanca Convalescent Homes, Inc.,* 159 Cal. App. 4th 509, 530 (1984), abrogated on

11

other grounds in *Cel-Tech*, 83 Cal. Rptr. 2d at 565 & n.12; accord *McDonald v. Coldwell Banker*, 543

F.3d 498, 506 (9th Cir. 2008).

12

The term "fraudulent" as used in Section 17200 "does not refer to the common law tort of

13

fraud" but only requires a showing members of the public "are likely to be deceived." *Puentes v.*

14

*Wells Fargo Home Mortg., Inc.*, 72 Cal. Rptr. 3d 903, 909 (Ct. App. 2008) (quoting *Saunders v.*

15

*Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Ct. App. 1994). "Unless the challenged conduct 'targets a

16

particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable

17

consumer.'" *Puentes,* 72 Cal. Rptr. 3d at 909 (quoting *Aron v. U-Haul Co. of Cal.*, 49 Cal. Rptr. 3d

555, 562 (Ct. App. 2006)).

18

Claims grounded in fraud, including those alleged under Section 17200, must be pled with

19

particularity under Rule 9(b). See *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009)

20

("We have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for

21

violations of the . . . UCL"). "In cases of corporate fraud, however, the pleading standard is relaxed

22

since the circumstances may make it difficult to attribute particular fraudulent conduct to each

23

defendant as an individual. Rule 9(b) serves to give defendants notice of the specific fraudulent

24

conduct against which they must defend." 625 3rd St. Assoc., *L.P. v. Alliant Credit Union*, 633

25

F.Supp.2d 1040, 1049-50 (N.D. Cal. 2009) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th

Cir.2001).

26

California Civil Code § 2924 (California law only permits foreclosure proceedings after the

27

debtor enters default); *Castillo v. Skoba*, No. 10-CV-1838-BTM, 2010 WL 3986953, *2 (S.D. Cal.

28

Oct. 8, 2010) (citing CAL. CIV. CODE § 2924) ("The power of sale in a nonjudicial foreclosure may

only be exercised when a notice of default has first been recorded."); *In Re Henry*, 266 B.R. 457, 472 n.14 (C.D. Cal. 2001) (citing CAL. CIV. CODE § 2924) ("Under California law, a secured creditor has no right to commence foreclosure proceedings unless the debtor is in default.").

Taking these allegations as true, the conduct by Defendants Chase Bank, Chase Home and JPM appears to be "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and thus satisfies the UCL's "unfair" prong. See *Casa Blanca,* 159 Cal. App. 4th at 530; *McDonald,* 543 F.3d at 506. Moreover, a reasonable consumer is likely to rely on representations by a bank's agent; thus, such conduct also violates the UCL's "fraudulent" practices prong. See *Puentes*, 72 Cal. Rptr. 3d at 909. Accordingly, Plaintiff has presented enough factual evidence to support his contention that Defendants Chase Bank, Chase Home and JPM's business practices are in violation of this State's law and that he has sustained irreparable injured, harmed and damaged as a direct result.

## 7. Plaintiff has Properly Pled His Seventh Cause of Action for Violation of California Corporation Code §§ 17050, 17051 and 17456

Although Plaintiff has properly pled his Seventh Cause of Action, Plaintiff abandon this cause to plead it when he amend the Complaint to evidence with more particularities and "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal.* 129 S. Ct. at 1949..

## 8. Plaintiff has Properly Pled His Eight Cause of Action for Declaratory Relief

Although Plaintiff has properly pled his Eighth Cause of Action upon amendment of his Complaint Plaintiff will abandon this cause, however, it is likely Plaintiff will plead a cause for Slander of Title, since it is obvious from Defendants' reckless conduct Plaintiff will have no problem with the burden of proof to plead sufficient "factual content that allows the court to draw the reasonable inference that Defendant are liable.

## 9. Plaintiff has Properly Pled His Ninth Cause of Action for Injunctive Relief

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v Natural Res Def Council, Inc*, --- US ----, 129 S Ct 365, 376 (2008). The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the actions on the merits." *Sierra Forest Legacy v Rey*, 577 F3d 1015, 2009 WL 2462216 (9th Cir 2009). In brief, the bases for injunctive relief are irreparable injury and inadequacy of legal remedies. In each of these cases, the Court balance the competing claims of injury and considered the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co v Village of Gambell*, 480 US 531, 542 (1987).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Recently, the Supreme Court clarified the proper standard for granting or denying a preliminary injunction by stating that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 129 S Ct at 374. In doing so, the *Winter* Court rejected the former "possibility of irreparable injury" analysis utilized by the Ninth Circuit. See *The Lands Council v McNair*, 537 F3d 981, 987 (2008).

The *Winter* Court, however, did not address the second prong of the *McNair* analysis, which deemed granting a preliminary injunction appropriate where "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiffs'] favor." *McNair*, 537 F3d at 987. The "second prong is relevant where irreparable injury is likely and imminent—for example, in the case of imminent foreclosure or deportation—and the plaintiff has demonstrated a serious merits issue but may be unable to determine a likelihood of success on the merits." *Save Strawberry Canyon v Department of Energy*, 613 F Supp 2d 1177, 1180 n2 (ND Cal 2009).

Defendant Chase Bank illegally foreclosed on the property (see Exhibit S to Plaintiff's Complaint), Plaintiff is subject to further irreparable injuries, harm and damages if his property is sold because he might be unable to recover it through litigation. See *Taylor v. Westly*, 488 F3d 1197, 1202 (9th Cir 2007). This fact weighs heavily in favor of Plaintiff. Additionally, Defendants will not suffer a high degree of harm if a preliminary injunction is ordered, it is true that Defendants will not be able to sell the property immediately and will expend costs in further litigating this action, when balanced against Plaintiff's potential loss, Defendants' harm appears outweighed since they have stolen hundreds of homes just in this State alone in their quest to accumulate massive ill-begotten gain.

Plaintiff pled in his Complaint that California Civil Code § 2923.5 requires a lender or its agent to attempt to contact a defaulted borrower prior to foreclosure. Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with § 2923.5, including attempt "with due diligence to contact the borrower as required by this section." The adverse impact foreclosures have on households and communities, as well as the societal benefits of home ownership, demonstrate the strong public interest in preventing unlawful foreclosures.

Plaintiff Complaint in particular his Prayer for Relief evidence he pleaded for issuance of a

Preliminary and Permanent Injunction and a Restraining Order against Defendants ordering the rescission and cancellation of the Trustee's Deed of Sale and prohibiting them from listing on the real estate market for sell and pursuing any unlawful detainer-eviction proceedings of Plaintiff from the Roundup Way property, and from doing any other acts, which would negate the effect and purpose of an Injunction or otherwise operate in derogation of the Court's jurisdiction over this matter.

The Court must find that Plaintiff have sufficiently stated a claim for injunctive relief, regardless of whether California Civil Code § 2932.5 applies, under California law a party may not foreclose without the legal power to do so. Plaintiff has demonstrated that Defendant Cal-Western as Trustee caused the NOD to be recorded on October 16, 2006 on behalf of Argent as Beneficiary. Defendant Chase Bank's own Memorandum condemns them in that it evidence these Defendants reject the NOD arguing it was recorded prior to enactment of California Civil Code § 2923.5.

## VII.
## PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND

"The court should freely give leave when justice so requires." (FRCP 15(a)(2)); *Allen v. City of Beverly Hills* (9th Cir. 1990) 911 F2d 367, 373; *Friedlander v. Nims* (11th Cir. 1985) 755 F2d 810, 813.) FRCP 15(a) severely restricts the court's discretion to dismiss without leave to amend. Where a more carefully drafted complaint *might* state a claim, a plaintiff *must be given at least one* more chance to amend the complaint before the district court dismisses the action with prejudice. (*Silva v. Bieluch* (11th Cir. 2003) 351 3Fd 1045, 1048; *DeCarlo v. Fry* (2nd Cir. 1998) 141 F3d 56, 62.)

## VIII.
## CONCLUSION

For the foregoing reasons, because Plaintiff's factual allegations support a claim upon which relief can be granted, Plaintiff respectfully request that this Court deny Defendants' Motion to Dismiss in its entirety, alternatively, if the Court determines Plaintiff has failed to state a claim, Plaintiff ask the Court to grant leave to amend the Complaint.

Respectfully submitted,

Date: August 27, 2013                    By: *Edward C. Tidwell*

                                              Edward C. Tidwell

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am over the age of 18 years and not a party to this action. My residence address is 5156 Roundup Way, Antioch California 94531.

On August 27, 2013, I served the following document:

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE LLC, JP MORGAN CHASE HOME FINANCE AND JPMC SPECIALTY MORTGAGE, FORMERLY KNOWN AS WM SPECIALTY MORTGAGE LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the parties in this action or their attorney of record addressed as follows:

*Via U.S. Postal Service Regular Mail*
Robert S. Luther, Esq.
Law Division of NRT LLC
Western Region
1855 Gateway Blvd., Suite 670
Concord, California 94520

Attorney for Defendants,
NRT, LLC, Coldwell Banker Residential
Brokerage Company, Valley of California, Inc. and
Coldwell Banker Residential Brokerage Corporation

*Via U.S. Postal Service Regular Mail*
Jessica Nall, Esq.
Amber C. Chrystal, Esq.
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104

Attorneys for Defendant,
Rust Consulting, Inc.

*Via U.S. Postal Service Regular Mail*
Homesales, Inc.
800 Brooksedge Blvd
Westerville, Ohio 43081

*Via U.S. Postal Service Regular Mail*
Theodore E. Bacon, Esq.
David J. Masutani, Esq.
AlvaradoSmith
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, California 90071

Attorneys for Defendants,
JPMorgan Chase Bank, N.A., Chase
Home Finance LLC, JP Morgan Chase
Home Finance and JPMC Specialty
Mortgage LLC, formerly known as WM
Specialty Mortgage LLC

*Via U.S. Postal Service Regular Mail*
Peter J. Salmon, Esq.
Natalie T. Nguyen, Esq.
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, California 92177

Attorneys for Defendants,
Cal-Western Reconveyance Corporation
and Prommis Solutions, LLC

__X__ **BY MAIL:** I caused a true copy of said document to be placed in an envelope with postage fully prepaid to be deposited for proper handling with the United States Postal Service Clerk.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of August 2013 at Antioch, California.

Daniel Ayala

Plt's Opp to Mtn to Dism of Deft JPMorgan Chase Bank, N.A.                                    22
Case No.: C13-02621EMC